**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Diane RODRIGUEZ, Defendant–
Appellant.**

**No. 90–2781.**

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1991.

James S. Dougherty (court appointed), Houston, Tex., for defendant-appellant.

Kathlyn G. Snyder, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty. and Paula Offenhauser, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before WILLIAMS, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

DUHÉ, Circuit Judge:

Defendant–Appellant Diane Rodriguez conditionally pleaded guilty to a one-count information charging conspiracy to possess marijuana with intent to distribute, reserving her right to appeal the district court's denial of her motions to suppress and dismiss. On appeal she asks to withdraw her guilty plea and for dismissal of the indictment and information because of several alleged errors: violation of a Justice Department policy against successive prosecutions, a double jeopardy violation based on a 1987 conviction, and outrageous conduct in seizure of her file from her defense attorney in the 1987 charge and conviction. Finding no error, we affirm.

In 1987 Defendant was charged with possession of 211 pounds of marijuana with intent to distribute. She pleaded guilty to simple possession, and the felony indictment was dismissed. She was represented by the law firm of Bonner & Bonner. Another member of that firm represented defendant's uncle, George Rodriguez Sr.

In exchange for Defendant's plea to conspiracy to possess marijuana with intent to distribute in the instant case, the Government dismissed two counts of a 1989 felony indictment: Count Three, alleging conspiracy to import marijuana, and Count Four, charging conspiracy to possess with intent to distribute marijuana and cocaine. The overt acts incorporated in both counts included her 1987 arrest with 211 pounds of marijuana, George Rodriguez Sr.'s furnishing $2,000 to Wilma Delauney in 1987 to post bond for Defendant's release from jail, and Defendant's payment of $5,000 to Delauney in 1987 for transportation of marijuana.

## I. GOVERNMENT'S *PETITE* POLICY

■ Defendant contends that Counts Three and Four of the 1989 indictment should be dismissed because the Government failed to comply with the Justice Department's policy acknowledged in *Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). The *Petite* policy precludes successive federal prosecutions against a defendant based on the same transaction without prior approval from an Assistant Attorney General. The district court assumed the prior approval was not obtained and rejected the *Petite* argument for dismissal. We find no error in denial of the motion, because the *Petite* policy is merely an internal rule of the Justice Department; a criminal defendant may not invoke it to bar prosecution. *United States v. Harrison*, 918 F.2d 469, 475 (5th Cir.1990).

## II. OUTRAGEOUS CONDUCT IN SEARCH AND SEIZURE

Rodriguez next contends that the government engaged in such outrageous conduct in executing a post-indictment search of her former attorney's office that the indictment should be dismissed. Defendant asks in this appeal only for dismissal of the indictment, so suppression of the seized documents is not at issue.

She alleges that the outrageous conduct violated attorney-client privilege, her right to counsel under the Sixth Amendment, due process under the Fifth Amendment, her privilege against self-incrimination under the Fifth Amendment, the Fourth Amendment's protection against unlawful searches and seizures, and another Justice Department policy.

As to the claimed violation of privilege, Rodriguez has never indicated any document from the seized file which constituted a communication or described a communication between herself and her attorney. The burden of establishing privilege rests on the party who invokes it. *Hodges, Grant & Kaufmann v. Commissioner*, 768 F.2d 719, 721 (5th Cir.1985). "The privilege must be specifically asserted with respect to particular documents." *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir.1982), *cert. denied*, 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984). Her allegation of violation of privilege is unsubstantiated and constitutes no ground for dismissal of the indictment.

As to the claim that the seizure violated Rodriguez's Sixth Amendment right to counsel, "the remedy for such a violation is not dismissal but the suppression of any evidence so obtained." *United States v. Sander*, 615 F.2d 215, 219 (5th Cir.), *cert. denied*, 449 U.S. 835, 101 S.Ct. 108, 66 L.Ed.2d 41 (1980). Moreover, Rodriguez fails to show any prejudice; she simply asks this Court to infer prejudice from the fact of seizure. Without a showing of " 'demonstrable prejudice, or substantial threat thereof, dismissal is plainly inappropriate.' " *United States v. Melvin*, 650 F.2d 641, 644 (5th Cir. Unit B 1981) (quoting *United States v. Morrison*, 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981)).

Similarly, for a Fifth Amendment violation, dismissal of the indictment is inappropriate. *See Morrison*, 449 U.S. at 365 n. 3, 101 S.Ct. at 668 n. 3 (quoting *United States v. Blue*, 384 U.S. 251, 255, 86 S.Ct. 1416, 1419, 16 L.Ed.2d 510 (1966)):

> Even if we assume that the Government did acquire incriminating evidence in violation of the Fifth Amendment, Blue would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him at trial.... Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether.

The remedy for any Fourth Amendment violation is likewise exclusion of evidence rather than dismissal of the indictment altogether. *United States v. Franklin*, 598 F.2d 954, 957 (5th Cir.), *cert. denied*, 444 U.S. 870, 100 S.Ct. 147, 62 L.Ed.2d 95 (1979).

Finally Rodriguez urges dismissal because the Department of Justice failed to adhere to its regulation requiring authorization from a Deputy Assistant Attorney General before a federal officer applies for a warrant for confidential materials in the hands of a lawyer. *See* 28 C.F.R. § 59.-4(b)(1)–(2) (1991). The regulation further provides, however, that any issue relating to the failure to comply with the guideline may not be litigated. 28 C.F.R. § 59.6(b) (1991). "[C]ourts are not charged with enforcing internal governmental guidelines and will not remedy an alleged violation by the dismissal of an indictment...." *United States v. McInnis*, 601 F.2d 1319, 1328 (5th Cir.1979), *cert. denied*, 445 U.S. 962, 100 S.Ct. 1649, 64 L.Ed.2d 237 (1980).

Rodriguez has not demonstrated any cause for dismissal of the indictment based on seizure of the file.

## III. DOUBLE JEOPARDY

Rodriguez contends that double jeopardy principles bar this prosecution for

conspiracy to possess marijuana with intent to distribute in view of her previous prosecution for the underlying substantive offense of simple possession. *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), directs courts to follow a two-step analysis in resolving double jeopardy claims: the *Blockburger*[1] test and the new *Grady* test. *See Ladner v. Smith*, 941 F.2d 356, 359–63 (5th Cir.1991).

*The Blockburger Test.* The first question in the *Blockburger* phase is " 'whether the offense charged in the subsequent prosecution "requires proof of a fact which the other does not." ' " *Ladner*, 941 F.2d at 359 (quoting *United States v. Calderone*, 917 F.2d 717, 720 (2d Cir.1990) (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182), *petition for cert. filed*, 60 U.S.L.W. 3014 (U.S. Apr. 3, 1991) (No. 90–1527)). The 1989 conspiracy charge requires proof of an agreement and voluntary joinder in that conspiracy. Proof of those facts is not required by the earlier possession charge. Furthermore, neither conspiracy nor possession is a lesser included offense of the other.

The 1989 conspiracy prosecution must also be tested to determine whether it is barred under one of the two limited exceptions to *Blockburger*, noted in *Harris*,[2] and *Ashe*.[3] *Ladner*, 941 F.2d at 360. The *Harris* exception does not apply because the second prosecution does not require the defendant to defend against the previous charge (as, in the example of *Harris*, robbery with a firearm and felony-murder). The *Ashe* inquiry is whether the second prosecution is collaterally estopped. This prosecution is not collaterally estopped because it does not require relitigation of any factual issue that was necessarily resolved in the first prosecution.[4] The issue of Defendant's possession of marijuana (litigated in the first prosecution) need not be relitigated in the instant prosecution of conspiracy.

*The New Grady Test.* Under the new *Grady* phase of resolving Defendant's double jeopardy claim, the Court examines whether, to establish an essential element of an offense charged in this prosecution, the government will prove conduct that constitutes an offense for which the Defendant has already been prosecuted. *Grady*, 110 S.Ct. at 2087, 2093; *Ladner*, 941 F.2d at 361.

The essential elements of the offenses in the 1989 indictment are an agreement between two or more persons and the Defendant's willful joinder in that agreement. It is unnecessary to allege or prove an overt act in a drug conspiracy prosecution. *United States v. Mann*, 615 F.2d 668, 671 (5th Cir.1980), *cert. denied*, 450 U.S. 994, 101 S.Ct. 1694, 68 L.Ed.2d 193 (1981). The Defendant's arrest with another person in 1987 with 211 pounds of marijuana does tend to prove the essential elements of agreement and joinder. However, George Rodriguez Sr.'s furnishing of bond money to obtain defendant's release in 1987 and defendant's payment of money to Delauney to transport marijuana in July 1987 also tend to prove the essential elements of conspiracy.

We agree with the Fourth Circuit on this point:

> I think we are obliged to apply *Grady* in a way that gives the "element" component significance. That means barring the second prosecution only when the conduct previously prosecuted is to be used to "establish" the element of the second crime, which I think must mean "constitute the entirety of" the element. If *Grady* is read more broadly, that is, if the second prosecution is barred whenever the previously prosecuted conduct is to be used only *as evidence of* an ele-

---

1. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

2. *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977).

3. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

4. In *Ashe*, a previous trial showed that the defendant was not present at a poker game to rob a victim; collateral estoppel barred a trial for robbing another victim at the same poker game.

ment of the second offense, then we would almost be applying a "same evidence" test.

*United States v. Clark*, 928 F.2d 639, 642 (4th Cir.1991) (emphasis in original) (quoting *Calderone*, 917 F.2d at 724 (Newman, J., concurring)). A "same evidence" test was rejected in *Grady*. 110 S.Ct. at 2093 n. 12. Defendant's 1987 possession is only evidence of conspiracy; it does not "establish an essential element" of conspiracy.

Accordingly, under the two-step analysis articulated in *Grady* and *Ladner*, double jeopardy principles do not bar Defendant's prosecution for conspiracy despite her previous prosecution for possession. In accordance with the foregoing, the rulings of the district court are AFFIRMED; Defendant's request to withdraw her guilty plea is DENIED.