United States Court of Appeals,

Fifth Circuit.

No. 91–3131.

UNITED STATES of America, Plaintiff–Appellee,

v.

Ricou DESHAW, Defendant–Appellant.

Oct. 14, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, WILLIAMS and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:

In this permitted interlocutory appeal Ricou Deshaw challenges the denial of his motion to dismiss the indictment against him on the grounds that it violates the double jeopardy clause of the fifth amendment. We affirm in part and reverse in part.

Background

On June 1, 1989, a grand jury sitting in the Southern District of Alabama returned an eighteen count indictment against Deshaw and twenty-two other defendants. Drafted broadly, the indictment charged Deshaw with illegal conduct occurring from 1982 to 1989 "within the Southern District of Alabama, the Northern District of Alabama, the Middle District of Florida, the Southern District of Florida, the Eastern District of Louisiana," several foreign countries and elsewhere.

Deshaw was named in fourteen of the counts. Count two of the indictment charged Deshaw with engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848. Of the seven predicate acts supporting the CCE charge, four involved the importation and possession with intent to distribute marihuana. Counts three and four, the conspiracy counts, charged Deshaw with conspiracy to import cocaine and marihuana, and conspiracy to possess with intent to distribute cocaine and marihuana in violation of 21 U.S.C. §§ 963 and 846, respectively. The remaining counts

charged Deshaw with substantive offenses involving the importation and possession of cocaine as well as weapons violations.

Trial commenced on September 12, 1989 against five of the original twenty-two defendants. On October 17, 1989 the jury returned guilty verdicts for three of the defendants, acquitting Deshaw and one other defendant of all charges.

On July 19, 1990, a grand jury in the Eastern District of Louisiana returned an eleven count indictment against Deshaw and four other defendants for their involvement in the importation of marihuana into "the Eastern District of Louisiana and elsewhere" between May 1985 and April 1987. Count one charged Deshaw and his co-conspirators with the conduct of a racketeering enterprise in violation of 18 U.S.C. § 1962(d). The indictment alleged five predicate acts of racketeering, four of which charged Deshaw with violations surrounding the importation and possession of marihuana between May 1985 and January 1986.

Counts two and three, the conspiracy counts, charged Deshaw with engaging in a conspiracy to import 6,000 pounds of marihuana and to possess that marihuana with intent to distribute in violation of 21 U.S.C. §§ 963 and 846, respectively, between May 1985 and January 1986. Counts six through nine charged Deshaw with substantive violations of importation and possession with intent to distribute marihuana in violation of 21 U.S.C. §§ 841(a)(1), 952 and 960. Counts ten and eleven, the interstate travel violations, charged Deshaw with travelling between Belize and the Eastern District of Louisiana in aid of racketeering in violation of 18 U.S.C. § 1952.

The Louisiana enterprise allegedly consisted of about eighteen individuals. The government contends that these individuals would obtain marihuana in Belize and smuggle it into Louisiana by air drops from low altitudes over secluded waterways. A total of about 6,000 pounds of marihuana, 2,000 pounds per drop, was allegedly imported into the New Orleans area on three separate

occasions: July, August, and December, 1985.

Deshaw moved to dismiss the Louisiana indictment on grounds that double jeopardy barred prosecution. In essence Deshaw argued that although the Louisiana grand jury drafted its indictment more narrowly—involving only marihuana—it charged the same conduct involved in the Alabama prosecution.

Following a hearing in which the parties submitted briefs to the court and the government presented *in camera* testimony, the district court denied Deshaw's motion to dismiss the indictment on double jeopardy grounds. Pursuant to *Abney v. United States,*[1] Deshaw timely appealed.

## Discussion

On appeal the district court's denial of a motion to dismiss the indictment on the ground of double jeopardy is reviewed *de novo.*[2] We accept the underlying factual findings of the district court unless clearly erroneous.[3]

Deshaw contends that in view of his previous prosecution in Alabama, double jeopardy principles prevent his prosecution under the Louisiana indictment. Despite the "uncertain state of the Supreme Court's double jeopardy jurisprudence,"[4] there remains a constant: the fifth amendment provides that no one shall "be subject for the same offence to be twice put in jeopardy of life or

---

[1]431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977) (pretrial orders denying motions to dismiss indictments on double jeopardy grounds are "final decisions" within the meaning of 28 U.S.C. § 1291).

[2]*United States v. DiPietro,* 936 F.2d 6 (1st Cir.1991); *United States v. Atkins,* 834 F.2d 426 (5th Cir.1987), *overruled on other grounds,* 933 F.2d 325 (5th Cir.1991).

[3]*United States v. Weeks,* 870 F.2d 267, 269 (5th Cir.), *cert. denied,* 493 U.S. 827, 110 S.Ct. 92, 107 L.Ed.2d 57 (1989) (citing *Robinson v. Wade,* 686 F.2d 298 (5th Cir.1982)).

[4]*Sharpton v. Turner,* 964 F.2d 1284, 1286 (2d Cir.1992).

limb."[5] Thus, "the double jeopardy clause guarantees that the government, "with all its resources and power [will] not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity....' "[6] In this case, Deshaw seeks protection from an alleged second prosecution for an offense of which he has already been acquitted.

The Supreme Court described the initial test for determining whether two offenses are the same for double jeopardy purposes in *Blockburger v. United States.*[7] We ask "whether the offense charged in the subsequent prosecution "requires proof of a fact which the other does not.' "[8] If "application of [*Blockburger*] reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other ... the subsequent prosecution is barred."[9] As recognized by the Supreme Court, however, *Blockburger* does not constitute the entire double jeopardy inquiry in the context of successive prosecutions.[10] We also must test the second prosecution to determine whether it is barred under one of the narrowly defined exceptions enunciated in *Ashe v. Swenson,*[11] *Harris v. Oklahoma,*[12] and most recently, *Grady v. Corbin.*[13]

We note that the defendant bears the initial burden of establishing a *prima facie* claim of

---

[5]U.S. Const. Amend. V.

[6]*United States v. Levy,* 803 F.2d 1390, 1393 (5th Cir.1986) (quoting *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957)).

[7]284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

[8]*United States v. Rodriguez,* 948 F.2d 914, 917 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992).

[9]*Grady v. Corbin,* 495 U.S. 508, 516, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548, 561 (1990).

[10]*Id.,* 495 U.S. at 519–20, 110 S.Ct. at 2092, 109 L.Ed.2d at 564.

[11]397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

[12]433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977).

[13]495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

double jeopardy.[14]  If the defendant does so, the burden shifts to the government to demonstrate by a preponderance of the evidence that the indictment charges a crime separate from that for which the defendant previously was placed in jeopardy.[15]  The district court found that Deshaw made the requisite showing, but concluded that the government had met its burden by proving that the Louisiana indictment charges him with conduct for which he has not previously been placed in jeopardy.  We, in turn, examine Deshaw's double jeopardy contentions and the offenses charged in the Louisiana and Alabama indictments.

*1. The RICO conspiracy count*

Count one of the Louisiana indictment charges Deshaw with the conduct of a RICO conspiracy from May 1985 to April 1987 in violation of 18 U.S.C. 1962(d).  Of the five predicate acts of racketeering charged, one involves conspiracy to import and distribute marihuana in violation of 21 U.S.C. § 963 and § 846, and three others involve the actual importation of marihuana into Louisiana during 1985.  While the Alabama indictment did not charge a RICO violation, it did allege a 21 U.S.C. § 848 CCE charge which listed as predicate offenses the conspiracy to import marihuana, importation of marihuana, and possession of marihuana with intent to distribute.  The Alabama indictment also charged § 963 and § 846 conspiracy to import and conspiracy to distribute marihuana counts.  Deshaw claims that the Alabama CCE and conspiracy charges bar the subsequent Louisiana RICO charge.  We are not so persuaded.

In the context of multiple punishment, we previously have held that a RICO charge is not a lesser included offense to a corresponding CCE charge.[16]  RICO offenses require "proof of facts and

[14]*Levy,* 803 F.2d at 1393;  *United States v. Stricklin,* 591 F.2d 1112 (5th Cir.), *cert. denied,* 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979).

[15]*United States v. Bryan,* 896 F.2d 68, 71 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990).

[16]*United States v. Erwin,* 793 F.2d 656, 669 (5th Cir.), *cert. denied,* 479 U.S. 991, 107 S.Ct. 589, 93 L.Ed.2d 590 (1986);  *United States v. Phillips,* 664 F.2d 971, 1013 (5th Cir.1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354, 457 U.S. 1136, 102 S.Ct. 2965, 73

elements not required to be proved under § 848, even though there is a substantial overlap in the proof offered to establish the crimes."[17]  Thus, as the district court aptly noted, the earlier CCE prosecution does not bar the subsequent RICO prosecution in the case at bar.

The previous conspiracy charges present more of a problem.  We have long held that the government may first prosecute a defendant for the predicate acts which form the basis of a RICO charge—including conspiracy charges—and subsequently prosecute him for a substantive violation of RICO under 18 U.S.C. § 1962(c).[18]  The more difficult question, however, is whether prosecutions for importation and distribution conspiracies under 21 U.S.C. §§ 963 and 846 bar a subsequent prosecution for a RICO conspiracy charge under 18 U.S.C. § 1962(d) when based on the same conduct.[19]  We hold that they do not.[20]

For guidance we turn to the Supreme Court's opinion in *Garrett v. United States*[21] which

---

L.Ed.2d 1354, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982).

[17]*Phillips,* 664 F.2d at 1013.

[18]*Phillips,* 664 F.2d at 1015;  *Erwin,* 793 F.2d at 669.  Other circuits have also held that successive prosecutions for a RICO offense and its underlying predicate offenses are not inconsistent with the double jeopardy clause. *See e.g., United States v. Grayson,* 795 F.2d 278 (3d Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 927, 93 L.Ed.2d 978, 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 505 (1987);  *United States v. Schell,* 775 F.2d 559 (4th Cir.1985), *cert. denied,* 475 U.S. 1098, 106 S.Ct. 1498, 89 L.Ed.2d 898 (1986).

[19]*Cf. Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (a conspiracy to distribute drugs in violation of 21 U.S.C. § 846 is a lesser included offense to conducting a CCE in violation of § 848).

[20]Other circuits have also concluded that double jeopardy considerations stemming from previous narcotics conspiracy charges do not preclude subsequent prosecution on a RICO conspiracy charge. *See e.g., United States v. Gonzalez,* 921 F.2d 1530 (11th Cir.), *cert. denied,* ––– U.S. ––––, 112 S.Ct. 178, 116 L.Ed.2d 140, ––– U.S. ––––, 112 S.Ct. 96, 116 L.Ed.2d 68 (1991);  *United States v. Esposito,* 912 F.2d 60 (3d Cir.1990), *cert. dismissed,* ––– U.S. ––––, 111 S.Ct. 806, 112 L.Ed.2d 1032 (1991);  *United States v. Ryland,* 806 F.2d 941 (9th Cir.1986), *cert. denied,* 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987).

[21]471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985) (it is not a violation of the Double Jeopardy Clause to prosecute a CCE offense after a prior conviction for one of the predicate offenses).

employed a two-step analysis for determining whether successive prosecutions run afoul of double jeopardy constraints. The first step is to determine whether Congress "intended that each violation be a separate offense."[22] If Congress did not, there is no statutory grounds for two prosecutions and the double jeopardy analysis is complete. If Congress intended separate prosecutions, the second step is to determine whether the subsequent prosecuted offense constitutes the "same offence" within the meaning of the Double Jeopardy Clause.[23]

In concluding that Congress intended permitting an earlier conviction to serve as a predicate act in a later RICO prosecution, we have noted that RICO's statutory language reflects congressional intent to supplement, rather than supplant, existing crimes and penalties.[24] The fact that separate statutes set forth the offenses charged herein, and are intended to deter two different kinds of activity, i.e., conspiracy to engage in racketeering as opposed to conspiracy to violate narcotics laws, indicates that Congress intended RICO conspiracy to be a separate offense from the predicate act of a narcotics conspiracy.[25] Further, each provision is unambiguous and authorizes punishment for a violation of its terms.[26] We conclude that Congress intended to authorize multiple prosecutions for the drug offenses of conspiracy, under sections 963 and 846, and RICO conspiracy.

---

[22]*Id.,* 471 U.S. at 778, 105 S.Ct. at 2411, 85 L.Ed.2d at 771.

[23]*Id.,* 471 U.S. at 786, 105 S.Ct. at 2415, 85 L.Ed.2d at 776.

[24]*Phillips,* 664 F.2d at 1009 n. 55. *See,* H.R.Rep. No. 1444, *Comprehensive Drug Abuse Prevention and Control Act of 1970,* 91st Cong., 2d Sess. 116, *reprinted in* 1970 U.S.C.C.A.N. 4566, 4575 ("The illegal traffic in drugs should be attacked with the full power of the Federal government. The price for participation in this traffic should be prohibitive. It should be made too dangerous to be attractive.").

[25]*Accord, United States v. Boldin,* 772 F.2d 719 (11th Cir.1985), *cert. denied,* 475 U.S. 1048, 106 S.Ct. 1269, 89 L.Ed.2d 577, 475 U.S. 1098, 106 S.Ct. 1498, 89 L.Ed.2d 899, 475 U.S. 1110, 106 S.Ct. 1520, 89 L.Ed.2d 917 (1986); *United States v. Thomas,* 757 F.2d 1359 (2d Cir.), *cert. denied,* 474 U.S. 819, 479 U.S. 818, 106 S.Ct. 66, 67, 107 S.Ct. 78, 88 L.Ed.2d 54, 93 L.Ed.2d 34 (1985).

[26]*See Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) (using these same considerations when determining whether Congress intended to authorize multiple punishments for conduct that violates two statutory provisions).

The second step of the *Garrett* inquiry directs our determination whether the double jeopardy clause permits prosecution for the RICO conspiracy after an earlier prosecution for a predicate offense (the narcotic conspiracies). Under *Blockburger*'s command we consider whether the RICO conspiracy offense requires proof of a fact which the narcotic conspiracy offenses do not. Comparison indicates that the offenses have different statutory elements and that each offense requires proof of a fact that the other does not. Further, the predicate offenses are not lesser-included offenses of the RICO provision, nor are they a "species" of a lesser-included offense as barred by *Harris*.[27] Section 963 and 846 conspiracy charges require proof of an agreement to violate narcotic laws, and voluntary joinder in that conspiracy, whereas a RICO conspiracy charge requires an agreement to participate in an enterprise through a pattern of racketeering activity. Finally, under *Ashe*,[28] the RICO prosecution in the instant case is not collaterally estopped "because it does not require relitigation of any factual issue that was necessarily resolved in the first prosecution."[29]

Contrary to Deshaw's assertion, *Grady*, which involved a single course of conduct, does not alter our analysis in the instant case. In *Grady* the state sought to rely on previous traffic offense

---

[27]In *Harris*, the defendant was first convicted of felony-murder and then later tried for robbery with a firearm all stemming from the same robbery. Although the two prosecutions were not technically for the same statutory offense and the robbery was not truly a lesser included offense of felony-murder as defined under *Blockburger*, the Court unanimously held the subsequent prosecution barred by the double jeopardy clause. In Harris' felony-murder case, it was necessary for all the elements of the underlying felony—robbery with a firearm—to be proved. Thus, as the Court later explained, the robbery with a firearm offense was but "a species of lesser-included offense." *Illinois v. Vitale,* 447 U.S. 410, 420, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980).

[28]In *Ashe*, an initial trial established that the defendant was not present at a poker game to rob a victim. When the defendant was again brought to trial for robbing another victim at the same poker game the Supreme Court held that the doctrine of collateral estoppel may bar a second prosecution arising from the same incident "when that prosecution would require relitigation of factual issues that were necessarily resolved in the defendant's favor in the first prosecution." *Ladner v. Smith,* 941 F.2d 356, 360 (5th Cir.1991) (citing *Ashe,* 397 U.S. at 443, 90 S.Ct. at 1193–94), *cert. denied,* —— U.S. ——, 112 S.Ct. 1665, 118 L.Ed.2d 387 (1992). "Under this doctrine, acquittal in the first prosecution bars subsequent prosecution unless a reviewing court can conclude that a "rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' " *Id.* (quoting *Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194).

[29]*Rodriguez,* 948 F.2d at 917.

convictions to sustain subsequent vehicular homicide and assault charges. In barring the subsequent charges, the *Grady* court expounded that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted."[30]

Taken out of context, and read literally, this language would support the double jeopardy defense.[31] But, like the Supreme Court in *United States v. Felix,* we decline to read that language so expansively.[32] Indeed, in *Felix* the Supreme Court again cautioned against the ready transposition of the lesser included offense principles of double jeopardy from the classically simple situation presented in *Brown v. Ohio* to the multilayered conduct, both as to time and to place, involved in CCE prosecutions.[33] While it may be useful to rely on the lesser included offense analysis of *Grady* in the context of a single course of conduct, it is much less helpful in analyzing subsequent prosecutions involving similar allegations of multilayer conduct as to time and place.[34]

In prosecutions involving multilayer conduct, such as a RICO violation, *Garrett,* cited approvingly by the court in *Felix,* remains instructive.[35] *Garrett* clearly allows subsequent

---

[30]495 U.S. at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564.

[31]*United States v. Felix,* 503 U.S. ——, ——, 112 S.Ct. 1377, 1383–84, 118 L.Ed.2d 25, 35 (1992).

[32]*Id.*

[33]*Id.,* 503 U.S. ——, ——, 112 S.Ct. 1377, 1384–85, 118 L.Ed.2d 25, 36 (1992) (quoting *Garrett,* 471 U.S. 773, 789, 105 S.Ct. 2407, 2416, 85 L.Ed.2d 764)).

[34]*Id.*

[35]Most of the circuits confronting the *Grady* decision have held that *Garrett* remains controlling precedent in RICO and CCE cases. *See United States v. O'Connor,* 953 F.2d 338 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1979, 118 L.Ed.2d 578 (1992); *United States v. Evans,* 951 F.2d 729 (6th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1966, 118 L.Ed.2d 567 (1992); *United States v. Arnoldt,* 947 F.2d 1120, 1126 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1666, 118 L.Ed.2d 387 (1992); *United States v. Gonzalez,* 921 F.2d 1530 (11th Cir.1991); *United States v. Pungitore,* 910 F.2d 1084 (3d Cir.1990), *cert. denied,* —— U.S.

prosecutions for complex crimes such as the RICO conspiracy violation Deshaw is now charged with notwithstanding his earlier acquittal on a predicate charge of conspiring to import and possess with intent to distribute marihuana.[36]

Even were *Grady* applicable, Deshaw's previous conspiracy prosecutions involve conduct sufficiently distinct from the conduct needed to support a RICO charge. In other words, "while the same evidence may be presented against [Deshaw] in both trials, he was not prosecuted in [Alabama] for the same conduct as that set forth in the [Louisiana RICO count], and hence *Grady* does not mandate a finding that this prosecution is barred by double jeopardy."[37]

*2. The conspiracy counts*

Counts two and three of the Louisiana indictment charge offenses identical to those in counts three and four of the Alabama indictment, namely conspiracies to import and possess marihuana with intent to distribute. As previously noted, Deshaw has established a prima facie double jeopardy claim. Thus, *Blockburger* bars conspiracy counts alleged in the Louisiana indictment unless the government can prove by a preponderance of the evidence that the two conspiracies are factually distinct, i.e., that the Louisiana indictment charges a crime separate from that for which the defendant previously was placed in jeopardy.[38]

The essential issue in the double jeopardy analysis respecting conspiracy is whether one, or more than one, agreement existed.[39] In determining whether the alleged conspirators entered into a

---

——, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991). *But see United States v. Russo,* 906 F.2d 77 (2d Cir.1990).

[36]*Accord, Gonzalez,* 921 F.2d at 1538; *Pungitore,* 910 F.2d at 1111.

[37]*Esposito,* 912 F.2d at 65.

[38]*Bryan,* 896 F.2d at 71.

[39]*Id.* (citing *Levy,* 803 F.2d 1390).

single agreement or multiple agreements, in *United States v. Marable,*[40] we enumerated five factors: (1) time, (2) persons acting as conspirators, (3) the statutory offenses charged in the indictments, (4) the overt acts charged by the government or any other description of the offense charged which indicates the nature and scope of the activity which the government sought to punish in each case, and (5) places where the events alleged as part of the conspiracy took place. In making this assessment, we look not only at the acts alleged in the two indictments, but also at the acts admitted into evidence at the trial or at any hearing.[41]

Viewing the facts in the record before us against the *Marable* factors, we are persuaded that the government has failed to prove the existence of separate conspiracies. Rather, we are of the opinion that the Louisiana indictment charges but a smaller part of the larger conspiracy counts charged in the Alabama indictment.

As respects the first factor, the time period alleged in the Louisiana indictment (May of 1985 to January of 1986) is encompassed wholly within the Alabama indictment which charges conspiracies between the years of 1982 and 1989. Although the cast of conspirators changes, Deshaw remains one of the essential figures in both indictments. The Louisiana indictment named Deshaw and four others, Mark Bagalman, Richard Lynn, Frederick Pou and Lloyd Randall. Lynn and Pou were named with Deshaw and 21 others in the Alabama indictment. Bagalman, as part of a plea agreement, testified for the state in the Alabama trial, admitting his criminal involvement. The government places great weight on the other 21 defendants indicted in Alabama and the contention that there are about 13 other unindicted co-conspirators involved in the Louisiana indictment. This body count does not influence us, especially when the central characters in both indictments are the same.[42] Moreover,

---

[40]578 F.2d 151 (5th Cir.1978).

[41]*Levy,* 803 F.2d at 1395 (citing *United States v. Kalish,* 690 F.2d 1144 (5th Cir.1982), *cert. denied,* 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983)).

[42]*Levy,* 803 F.2d at 1395.

the mere shuffling of actors in an otherwise ongoing operation with an apparent continuity will not, alone, suffice to create multiple conspiracies.[43]

The third factor, the similarities between the statutory offenses charged in the indictments, is obvious. Both indictments charge violations of 21 U.S.C. §§ 963 and 846. The primary difference is that the broad Alabama indictment charged Deshaw with engaging in both a cocaine and marihuana conspiracy, while the narrower Louisiana indictment charges only marihuana.

Under drug conspiracy statutes it is not necessary to plead and prove an overt act.[44] Therefore, when considering the fourth factor we look also to the acts defined in the evidence at the trial or at any hearing.[45] The government contends, and the district court agreed, that the Alabama case was tried essentially as a cocaine case. The government insists that although the Alabama indictment charged Deshaw with a drug conspiracy specifically described as occurring partially within the Eastern District of Louisiana and involving marihuana, it never intended to prosecute Deshaw for the 1985 marihuana importations into Louisiana. In spite of these assertions however, the government has failed to demonstrate what other marihuana importations, unrelated to the 1985

---

In the Alabama case, the government alleged that Lynn principally directed and administered the criminal organization while Deshaw managed the organization and served as a pilot. In addition to arranging the refueling stops in Belize for aircraft en route from Colombia to the United States, Pou was a source of supply for drugs in Belize.

Although the Louisiana indictment alleges that Lynn and Deshaw were "recruited into the Enterprise" based on their expertise in drug smuggling, the indictment also charges that Lynn coordinated the activities of the enterprise while Deshaw acted as a pilot and provided assistance as needed. Pou again was the source of supply for the marihuana in Belize.

[43]*United States v. Nichols,* 741 F.2d 767, 772 (5th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985).

[44]*Id.,* 741 F.2d at 772.

[45]*Levy,* 803 F.2d at 1395.

Louisiana importations, were the subject of the Alabama indictment.[46]  In fact, during the Alabama trial the government introduced evidence concerning virtually all of the overt acts charged in the Louisiana indictment.  Although it is possible that the evidence was introduced for some other reason which would not implicate double jeopardy, the record does not suggest such a reason.[47]  Further, the conspiracies charged in both indictments employed the same methods for the smuggling of drugs into the United States, i.e., air drops into waterways.

Finally, the last *Marable* factor directs that we examine locale.  The Alabama indictment charges conspiracies alleged to have occurred within the Southern and Northern Districts of Alabama, the Middle District of Florida, the Eastern District of Louisiana, and elsewhere within the United States, Canada, Colombia, Mexico and Belize.  The more narrowly drafted Louisiana indictment alleges that the conspiracies primarily occurred in the Eastern District of Louisiana and Belize.  Thus, the location element also indicates that the conspiracy counts of the Louisiana indictment charge but a smaller portion of the larger conspiracy.

We echo the Supreme Court in *Felix:*  "While the scope of a conspiracy is rarely clear-cut, we must conclude that the evidence in the record tends to show ... a single, continuing conspiracy...."[48]  The government has failed to prove the existence of separate agreements.  Even were we to agree with the district court and its finding that two conspiracies existed, we would be led to the same conclusion—that double jeopardy principles bar counts two and three of the Louisiana indictment.  For under the circumstances of this case, it is evident that Deshaw was prosecuted in the Alabama trial for the same offense, i.e., the agreement to import and distribute marihuana in

---

[46]The government makes but one general allegation in their brief that the Alabama organization was responsible for importing large quantities of marihuana into south Florida and the Bahamas.

[47]For example, admission of evidence for Fed.Rule Evid. 404(b) purposes does not constitute "prosecution" and thus, double jeopardy principles are not implicated.  *Felix,* 503 U.S. at ——, 112 S.Ct. at 1382–83, 118 L.Ed.2d at 34.

[48]*Levy,* 803 F.2d at 1397 (quoting *Kalish,* 690 F.2d at 1152)).

Louisiana, the offense with which the government now charges him.

We are cognizant that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation,[49] but that the facts of this case present something more. Deshaw was called to the bar in Alabama to defend himself against charges alleging that he conspired to import and distribute cocaine *and marihuana* within, among other places, the *Eastern District of Louisiana.* During trial, detailed evidence regarding the three drops of marihuana into Louisiana during 1985 was submitted for the jury's consideration. Then, in his final charge to the jury the district judge in Alabama instructed the jurors that Deshaw was being charged in the two conspiracy counts for importation and possession with intent to distribute cocaine *and marihuana.* We harbor no doubt that counts two and three of the present indictment should be dismissed.

*3. The remaining counts*

The Louisiana indictment charges Deshaw with two counts each of importation of marihuana and possession of marihuana with the intent to distribute. There were no substantive marihuana counts in the Alabama indictment, but both importation of and possession of marihuana with intent to distribute were charged as predicate offenses to the Alabama CCE count. Predicate offenses of a CCE are not lesser included offenses of a CCE for purposes of the double jeopardy clause.[50] As our previous analysis reflects, neither *Blockburger* nor *Grady* would bar prosecution of substantive offenses after prosecution of a CCE count.[51]

---

[49]*Felix,* 503 U.S. at ——, 112 S.Ct. at 1382–83, 118 L.Ed.2d at 34. *See also, Grady,* 495 U.S. 508, 522 & n. 15, 110 S.Ct. 2084, 2094 & n. 15, 109 L.Ed.2d 548; *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

[50]*United States v. Devine,* 934 F.2d 1325, 1344 (5th Cir.1991) (citing *United States v. Guthrie,* 789 F.2d 356 (5th Cir.1986) (en banc)).

[51]*Cf., Garrett,* 471 U.S. 773, 793, 105 S.Ct. 2407, 2418, 85 L.Ed.2d 764 ("it does not violate the Double Jeopardy Clause ... to prosecute the CCE offense after a prior conviction for one of the predicate offenses"); *Esposito,* 912 F.2d at 65 (prosecution for a RICO charge does not bar subsequent prosecution for the predicate offenses).

The Louisiana indictment also charges Deshaw with two interstate travel in aid of racketeering (ITAR) violations. Again, although there were no ITAR violations charged in the Alabama indictment, an ITAR violation was charged as an overt act to the Alabama conspiracy to possess with intent to distribute cocaine and marihuana. The overt acts charged in a conspiracy count may also be charged as substantive offenses, for the agreement to do the act is distinct from the act itself.[52] We conclude that the substantive marihuana counts and the ITAR counts are not barred by double jeopardy principles.

*4. The in camera hearing*

In his final double jeopardy contention, Deshaw argues that the district court judge erred in allowing the government to make an *in camera* presentation of testimony and evidence during the double jeopardy evidentiary hearing. Deshaw claims that the *in camera* presentation deprived him of the opportunity to fully present his case thus rendering the hearing fundamentally unfair.

We have recognized that an *in camera* proffer of evidence by the government is permitted where a defendant has made a prima facie claim of double jeopardy.[53] For although the government may not be required to reveal any materials or information not otherwise available for discovery, it might opt to submit such material to the trial judge for an *in camera* inspection.[54] Our review of the record persuades that the district judge did not abuse his discretion by allowing the government to make an *in camera* presentation in this case.

Conclusion

With the exception of counts two and three, the conspiracy counts, the judgment of the

---

[52]*Felix,* 503 U.S. at ——, 112 S.Ct. at 1384–85, 118 L.Ed.2d at 36 (quoting *United States v. Bayer,* 331 U.S. 532, 542, 67 S.Ct. 1394, 1399, 91 L.Ed. 1654 (1947)).

[53]*United States v. Stricklin,* 591 F.2d 1112 (5th Cir.), *cert. denied,* 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979).

[54]*Id.,* at 1119.

district court is AFFIRMED. Deshaw's motion to dismiss the conspiracy charges on grounds of double jeopardy should have been granted and the matter is REMANDED for entry of an appropriate order dismissing those counts.