**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joe Dee HICKS, Defendant–Appellant.**

**No. 90–1961.**

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 1991.

Joe Dee Hicks, pro se.

Frank D. Able, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Ft. Worth, Tex., plaintiff-appellee.

Before CLARK, Chief Judge,
REAVLEY, and JONES, Circuit Judges.

PER CURIAM:

Appellant Hicks filed the instant § 2255 petition in an attempt to avoid his 30–year sentence for engaging in a continuing criminal enterprise (CCE), 21 U.S.C. § 848. Finding that the district court correctly rejected his petition, we affirm.

Hicks was originally sentenced to a life term for his CCE offense, plus consecutive 15–year terms for each of the three predicate offenses of which he had also been convicted: conspiracy (Count 1), importation of heroin (Count 3) and importation of cocaine (Count 4). His direct appeal was unsuccessful. *See United States v. Bolts*, 558 F.2d 316 (5th Cir.), *cert. denied*, 434 U.S. 930, 98 S.Ct. 417, 54 L.Ed.2d 290 (1977). By means of a Rule 35 motion, he obtained relief from the convictions for the predicate offenses and a reduction of his CCE term, because the district court was persuaded that intervening case law required that result. *See Jeffers v. United*.

*States*, 432 U.S. 137, 155–57, 97 S.Ct. 2207, 2218–20, 53 L.Ed.2d 168 (1977); *United States v. Jefferson*, 714 F.2d 689, 700–703 (7th Cir.1983).

In 1989, Hicks filed his habeas corpus petition asserting that because the conspiracy conviction is a lesser included offense of CCE, he could not stand convicted for CCE after the conspiracy count was vacated. The district court held against him, reasoning that, "To agree with petitioner would render all convictions under § 848 meaningless ..." The Court specifically observed that, "A conviction under § 848 contemplates the conviction of a lesser included offense such as conspiracy and the importation of heroin and cocaine."

■ On appeal, Hicks devotes his briefing to the alleged inadequacy of the jury instructions to explain the requirements of a CCE violation. The particulars of Hicks's objections are irrelevant, however, for no such objections were made to the instructions at the time of trial, and they may be heard now only upon a showing of "cause" for failure to object and "prejudice." *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982). As we recently held in *United States v. Shaid*, 937 F.2d 228 (5th Cir.1991) (*en banc*), "[r]eview of [a defendant's] claim without a showing of cause ... would undermine the finality of criminal convictions [and] would also eviscerate the cause prong of the cause and prejudice test, a standard designed to be significantly more difficult than the plain error test that we employ on direct appeal." 937 F.2d at 236. Like Shaid, whose case also involved purportedly faulty jury instructions, Hicks has suggested no "cause" for his counsel's failure to challenge the instructions. Also like Shaid, Hicks has not asserted "actual innocence" that would render the showing of cause and prejudice unnecessary. *Shaid*, 937 F.2d at 232. We accordingly decline to review Hicks's complaint relating to the CCE jury charge.

■ We are not so constrained, however, against addressing Hicks's assertion that a conspiracy count that is the "lesser included offense" of a CCE count may not be treated as one of the predicate offenses necessary to sustain a CCE conviction. In this circuit, as in others, it has been held that three predicate drug offenses are necessary to establish the "continuing series" of violations that is one element of a CCE violation, 21 U.S.C. § 848. *United States v. Phillips*, 664 F.2d 971, 1013 (5th Cir. 1981), *cert. denied*, 457 U.S. 1136 and 459 U.S. 906, 102 S.Ct. 2965 and 103 S.Ct. 208, 73 L.Ed.2d 1354 and 74 L.Ed.2d 166 (1982). Hicks specifically contends that because the drug conspiracy he was charged with in Count 1 could not be a predicate offense for CCE purposes, the two remaining substantive offenses charged in Counts 3 and 4 fell one short of the requisite three predicate violations to his CCE conviction. Hicks did not raise this issue at trial or on direct appeal, but the government has not, as it did on the issue of jury instructions, raised a procedural bar to its consideration. The government has thus waived its interest in asserting the finality of the judgment to this extent. *See United States v. Hall*, 843 F.2d 408, 410 (10th Cir.1988).

■ That we consider the issue does not help Hicks, however, because we elect to join the eight federal circuit courts that have held it permissible to employ a drug conspiracy violation, 21 U.S.C. § 846, as a predicate offense to a CCE conviction. *United States v. Baker*, 905 F.2d 1100, 1103 (7th Cir.), *cert. denied*, —— U.S. ——, ——, 111 S.Ct. 206, 270, 112 L.Ed.2d 167, 226 (1990) and —— U.S. ——, 111 S.Ct. 686, 112 L.Ed.2d 677 (1991) (noting such holdings in the First, Second, Third, Fourth, Sixth, Tenth, and Eleventh Circuits); *United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1571 (9th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990) (joining those circuits). Only one court has shied from this conclusion, *United States v. Baker, supra*, and its reasoning is not persuasive. *Baker* held that, although the plain language of 21 U.S.C. § 848 contemplates precisely this possibility[1], it is redundant to treat a drug

---

1. A CCE offense under 21 U.S.C. § 848 has five elements: (1) a predicate offense violating a

conspiracy as a predicate offense to a CCE violation, which is itself no more than a conspiracy involving a concert of action by five or more people in a series of violations of the drug laws. 21 U.S.C. § 848. We adhere to the plain language of the statute, however. We further find no redundancy in the treatment of a § 846 drug conspiracy as a predicate to a CCE offense, not the least because the precise parameters of the predicate conspiracy and the people involved could easily differ from the "concert" of activity covered by a CCE count. *See, e.g. Bolts, supra,* 558 F.2d at 320–21 (no requirement that five subordinates must act in concert at the same time). In any event, even accepting the rationale of *Baker,* Hicks would not succeed on his petition, for *Baker* went on to hold that only two predicate offenses will sustain a § 848 "series" of violations.

In this circuit, a drug conspiracy violation may serve as a predicate offense to a CCE conviction. Hicks's argument to the contrary is rejected.

The judgment of the district court is AFFIRMED.

specified drug law (2) as part of a "continuing series" of drug violations (3) that occurred while the defendant was acting in concert with five or more other people (4) in relation to whom the defendant occupied the position of an organizer or manager and from which series the defendant (5) obtained substantial income or resources. *Garrett v. United States,* 471 U.S. 773, 786, 105 S.Ct. 2407, 2415, 85 L.Ed.2d 764 (1985).