IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20153
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ALANIS, also known as
Sergio Alaniz, also known as La Paca,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-153-9
--------------------
September 25, 2000

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:*

Sergio Alanis appeals his jury-trial conviction for conspiracy to distribute and possession with the intent to distribute marihuana, 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) (Count 1); continuing criminal enterprise (CCE)(Count 2), 21 U.S.C. § 848; aiding and abetting the possession with the intent to distribute marihuana, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 2 U.S.C. § 2 (Counts 7 and 8); money laundering, 18 U.S.C. §§ 18 1956(a)(1)(A)(i) & (a)(1)(B)(i) (Count 9); and conspiracy to

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

launder money, 18 U.S.C. § 1956(h) (Count 10).

Alanis avers that the CCE jury instructions were flawed and that the district court erroneously told the jury that it could consider Count 1, the lesser-included conspiracy count, as a predicate offense. We have reviewed the CCE jury instructions and find no plain error. Richardson v. United States, 526 U.S. 813, 824 (1999); United States v. Rios-Quintero, 204 F.3d 214, 216 (5th Cir. 2000), United States v. Taylor, 210 F.3d 317, 319 (5th Cir. 2000). Because the jury convicted Alanis on Counts 1, 7, and 8, the jury unanimously agreed on which three violations constituted the series for CCE violation. Moreover, the jury indicated that their verdicts were unanimous. The district court also did not err in instructing the jury that it could consider Count 1, the lesser-included conspiracy count, as a predicate offense. United States v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991).

Alanis challenges the sufficiency of the evidence supporting his conviction on Count 8 for aiding and abetting the possession of marihuana with the intent to distribute. He also argues that because the evidence is insufficient to support his conviction on Count 8, one of the predicate drug offenses underpinning his CCE conviction, that conviction must also be reversed. To convict a defendant of engaging in a CCE, the Government must prove beyond a reasonable doubt that the defendant organized, supervised or managed five or more persons in a continuing series of at least three drug violations from which he obtained substantial income. Garrett v. United States, 471 U.S. 773, 786 (1985).

To prove possession with intent to distribute marihuana, the Government must establish (1) knowing (2) possession of a controlled substance (3) with intent to distribute it. United States v. Gonzales, 121 F.3d 928, 936 (5th Cir. 1997).

To prove that an individual aided and abetted in the possession with intent to distribute marihuana, the Government must prove that the elements of the substantive offense occurred and that the individual associated with the criminal venture, purposefully participated in the criminal activity, and sought by his actions to make the venture succeed. See id. at 936; 18 U.S.C. § 2. Association means that the defendant shared in the principal's criminal intent. United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995). Participation means that the defendant performed some action designed to achieve the goal of the crime. Id. A defendant may be convicted of aiding and abetting the offense of possession with intent to distribute a controlled substance even if he did not have actual or constructive possession of the controlled substance. Gonzales, 121 F.3d at 936.

We have reviewed the record and find that the evidence was sufficient to sustain Alanis' conviction on Count 8. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Accordingly, Alanis' CCE conviction is also affirmed inasmuch as the jury found him guilty of the three predicate offenses.

Alanis argues, and the Government concedes, that his conviction on Count 1 of the indictment must be vacated. Count 1 charged Alanis with conspiracy to possess marihuana with the

intent to distribute. Because conspiracy is a lesser-included offense of the CCE charged in Count 2, his conviction on Count 1 violates double jeopardy. See Rutledge v. United States, 517 U.S. 292, 307 (1996); United States v. Dixon, 132 F.3d 192, 196 (5th Cir. 1997). Though we vacate Alanis' conviction on Count 1, we do not remand for resentencing. If it is clear that the drug-conspiracy conviction did not lead the district court to impose a harsher sentence for engaging in a CCE, there is no need to remand. Dixon, 132 F.3d at 196.

Here, the district court merged the drug-conspiracy count into the CCE count and did not consider the evidence relating to the conspiracy count for purposes of sentencing. Alanis was sentenced to 240 months for Count 2 (the statutory minimum) with the term to run concurrently with Counts 7, 8, 9, and 10. Thus, the sentence for the CCE count was no harsher than it would have been without the drug-conspiracy conviction.

Lastly, Alanis suggests that counsel was ineffective. The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations. United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992). The record is not sufficiently developed for this court to consider any claim of ineffective assistance of counsel.

For the foregoing reasons, we VACATE Alanis' CONVICTION on Count 1. Otherwise, we AFFIRM Alanis' CONVICTIONS and SENTENCE on the remaining counts.