UNITED STATES of America

v.

**Arnaldo RAMOS–HERNANDEZ, a/k/a Hippy, Defendant.**

**No. MO–00–CR–141–F(25).**

United States District Court, W.D. Texas, Midland–Odessa Division.

Jan. 2, 2002.

---

Mark Roomberg, Assistant United States Attorney, Midland, TX, for United States.

Joseph (Sib) Abraham, Jr., El Paso, TX, for Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

FURGESON, District Judge.

Before the Court is the Report and Recommendation of the United States Magis-

trate Judge L. Stuart Platt, filed on November 9, 2001, in the above-captioned matter. The Defendant filed timely objections to the Report. After due consideration, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED IN ITS ENTIRETY.

## STANDARD OF REVIEW

If there are no objections to a magistrate judge's report and recommendation, a district court is to review the report for findings and conclusions that are either clearly erroneous or contrary to law.[1] However, a district court reviews de novo a magistrate judge's report and recommendation if either party makes specific objections within ten days of receipt of the report.[2] In the instant case, both the government and Defendant timely filed specific objections and therefore, the Court conducts a de novo review of the specifically identified portions of the Magistrate Judge's report.

## FACTUAL AND PROCEDURAL HISTORY

Defendant was indicted in Pecos in a twenty-five count indictment. Count One of the Pecos Indictment alleged that Defendant and seventeen co-defendants engaged in a single conspiracy in violation of 21 U.S.C. § 846. It specifically charges the defendants with conspiring to import marijuana into the United States, in violation of 21 U.S.C. §§ 952 and 960, and to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a). In Counts Two through Twenty, Defendant and various co-defendants were individually charged with possession with intent to distribute and aiding and abetting,

in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. Count Twenty–One of the Pecos Indictment charged Defendant with engaging in a Continuing Criminal Enterprise ("CCE"). The CCE charge lists felony violations of 21 U.S.C. §§ 841(a)(1) and 846 as predicate offenses. On October 2, 1998, Defendant pleaded guilty to operating a CCE, in violation of 21 U.S.C. § 848 and to money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (2).

On September 29, 2000, Defendant was indicted in the Midland–Odessa Division in a multiple count indictment. The Midland Indictment charges Defendant and myriad co-defendants with numerous violations of Title 21, as well as other crimes. Defendant was charged in three of the twenty-four counts in the indictment. Count Two alleges a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute marijuana, in violation of §§ 846 and 841(a). Count Three alleges a violation of 21 U.S.C. § 963, conspiracy to import marijuana, contrary to §§ 952(a) and 960. And, Count Four alleges that Defendant violated 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, possession with intent to distribute marijuana and aiding and abetting.

Defendant filed a Motion to Dismiss the Midland Indictment, arguing that the prosecution of Defendant in the instant case violates the Double Jeopardy Clause of the Fifth Amendment. Defendant claims that his CCE conviction in the Pecos Division bars prosecution of the offenses charged in the instant case.

The Court referred the Motion to United States Magistrate Judge L. Stuart Platt, who conducted a hearing on the issue of double jeopardy and filed the Findings of Fact and Recommendation

---

1. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.1989).

2. 28 U.S.C. § 636(b)(1).

currently before the Court. The Magistrate Judge found that the government failed to satisfy its burden of establishing that the Pecos and Midland indictments charge separate conspiracies and therefore, recommended dismissing of Counts Two and Three on double jeopardy grounds. The Magistrate Judge concluded that Count Four does not fall within the double jeopardy prohibition and recommended against dismissing that Count.

## DISCUSSION

Both the government and Defendant object to the Magistrate Judge's Findings of Fact and Recommendation. The government objects to the following findings of the Magistrate Judge: that the Defendants in Counts Two and Three of the Midland Indictment overlap with the conspirators in the Pecos Indictment, that there is an overlap in the criminal conduct in Counts Two and Three of the Midland Indictment with criminal conduct in the Pecos Indictment, and that there is a "complete" overlap in the places in Counts Two and Three of the Midland Indictment with the places in the Pecos indictment. The government further objects to the Magistrate Judge's conclusions that Counts Two and Three of the Midland Indictment are lesser included offenses of the Pecos CCE charge and that those Counts violate the Double Jeopardy Clause.

Defendant objects to the Magistrate Judge's recommendation not to dismiss Count Four of the Midland indictment. Defendant objects to the Magistrate

Judge's statement that "predicate offenses of a CCE are not lesser included offenses for purposes of the Double Jeopardy Clause" and to the conclusion that Count Four of the Midland Indictment does not violate the prohibition against double jeopardy.

■ The Fifth Amendment states that no person shall be "subject for the same offence to be twice put in jeopardy of life of limb . . . ." The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And, it protects against multiple punishments for the same offense."[3] Where successive prosecutions are at stake, the guarantee serves as a constitutional policy of finality for the benefit of the defendant.[4] The prohibition against double jeopardy protects the accused from attempts to relitigate the facts underlying a prior acquittal, as well as from attempts to secure additional punishment after a conviction.[5]

■ The Supreme Court enunciated the initial test for determining whether two offenses are the same for double jeopardy purposes in *Blockburger v. United States*.[6] The Court asks "whether the offense charged in the subsequent prosecution requires proof of a fact which the other does not."[7] If application of this test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, the subsequent prosecution is barred.[8]

---

**3.** *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (quoting *North Carolina v. Pearce* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)).

**4.** *Id.*

**5.** *Id.* (citations omitted).

**6.** 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

**7.** *See Brown*, 432 U.S. at 166, 169, 97 S.Ct. 2221 (discussing the *Blockburger* test); *United States v. Deshaw*, 974 F.2d 667, 670 (1992) (internal quotations omitted).

■ The defendant bears the initial burden of establishing a prima facie claim of double jeopardy.[9] "If the defendant does so, the burden shifts to the government to demonstrate by a preponderance of the evidence that the indictment charges a crime separate from that for which the defendant previously was placed in jeopardy."[10]

## I. Count Two of the Midland Indictment

Count Two of the Midland Indictment alleges that Defendant and his co-defendants violated 21 U.S.C. § 846 by conspiring to distribute and possess with intent to distribute marijuana in excess of 1,000 kilograms, in violation of 21 U.S.C. § 841(a).

Defendant claims that Count Two of the Midland Indictment violates the prohibition against double jeopardy because of Defendant's guilty plea to the CCE charge in the Pecos Indictment. The Court agrees.

■ To be convicted of engaging in a CCE, under 21 U.S.C. § 848, a defendant must (1) commit a felony violation of federal narcotics laws (2) as part of a continuing series of three or more related felony violations of federal narcotics laws (3) in concert with five or more other persons (4) for whom defendant is an organizer, manager, or supervisor, and (5) from which he derives substantial income or resources.[11]

■ It is well settled that a guilty verdict on a § 848 charge necessarily includes a finding that the defendant also participated in a conspiracy[12] and accordingly, that conspiracy is a lesser included offense of CCE.[13] Because conspiracy is a lesser included offense of CCE, it cannot support a separate conviction or sentence without violating the Double Jeopardy Clause of the Fifth Amendment.[14]

Even though conspiracy is a lesser included offense of CCE, Count 2 of the Midland Indictment will be barred on double jeopardy grounds only if the conspiracy alleged in that Count is the same as the § 846 conspiracy underlying the CCE count of the Pecos Indictment. As noted above, the defendant bears the burden of establishing a prima facie claim of double jeopardy.[15] If he does so, the burden shifts to the government to prove by a preponderance of the evidence that the indictment charges a crime separate from that for which the defendant previously was placed in jeopardy.[16]

■ The essential issue in the double jeopardy analysis respecting conspiracy is whether one or more than one agreement existed.[17] In *United States v. Marable*,[18] the Fifth Circuit enumerated

---

8. *Deshaw*, 974 F.2d at 670.

9. *Id.*

10. *Id.*

11. 21 U.S.C. § 848(c); *United States v. Michel*, 588 F.2d 986, 1000 (5th Cir.1979).

12. *Rutledge v. U.S.*, 517 U.S. 292, 307, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996).

13. *Id.; United States v. Garcia Abrego*, 141 F.3d 142, 154 (5th Cir.1998); *United States v. Erwin*, 793 F.2d 656, 669 (5th Cir.1986); *Michel*, 588 F.2d at 1001; *United States v. Stricklin*, 591 F.2d 1112, 1123 (5th Cir.1979).

14. *Rutledge*, 517 U.S. at 307, 116 S.Ct. 1241; *Garcia Abrego*, 141 F.3d at 154; *Erwin*, 793 F.2d at 669; *Michel*, 588 F.2d at 1001.

15. *United States v. Deshaw*, 974 F.2d at 670.

16. *Id.*

17. *Id.* at 673.

18. 578 F.2d 151, 154 (5th Cir.1978).

the following factors to determine whether alleged conspirators entered into a single agreement or multiple agreements: (1) time, (2) persons acting as conspirators, (3) statutory offenses charged in the indictments, (4) overt acts charged by the government or any other description of the offense charged which indicates the nature and scope of the activity that the government sought to punish in each case, and (5) places where the events alleged as part of the conspiracy took place.[19] No single factor in the analysis is determinative; rather, all five factors must be considered in combination.[20]

 Here, the Court finds that Defendant has established a prima facie claim of double jeopardy. Defendant demonstrated that in addition to the partial overlap in the time periods involved in the two indictments, there is substantial overlap in the statutory offenses charged, the scope of the activity described, and the places where the alleged events took place. The question then becomes whether the government has satisfied its burden to prove that Count Two of the Midland Indictment alleges a conspiracy separate from the conspiracy underlying the Pecos CCE charge.

After applying the *Marable* factors, the Court concludes that the government has failed to prove by a preponderance of the evidence that the two indictments charge separate § 846 conspiracies. The factors are each evaluated below.

### A. Time

There is partial overlap of the time periods involved in the two indictments. The Pecos Indictment alleges that Defendant participated in a § 846 conspiracy from 1993 to 1998. The Midland Indictment accuses Defendant of participating in an § 846 conspiracy from 1996 to 2000. Thus, the indictments overlap for the years 1996–1998.

### B. Personnel

The persons alleged to have acted as co-conspirators, and who are specifically named, are not the same in the two indictments. However, the Pecos Indictment states that Defendant, various co-defendants, *and others* violated § 846. The inclusion of "others" in the Pecos Indictment raises the possibility that the defendants named in the Midland Indictment were unknown to the government when it brought the Pecos charges. This possibility lends credence to the contingency that the Pecos Indictment represented only one segment of the larger conspiracy described in the Midland Indictment.

The government argues that Defendant is charged with occupying different roles in the two indictments, which is evidence that he was engaged in multiple conspiracies. Indeed, the Pecos Indictment charges Defendant with being an organizer and manager of a CCE, while the Midland Indictment alleges that Defendant played a lesser role in recruiting drivers for the Balderrama organization and receiving/purchasing marijuana loads.

 The Court, however, is not convinced that Defendant's alleged differing roles signify multiple conspiracies. The "mere shuffling of personnel in an otherwise ongoing operation with an apparent continuity will not, alone, suffice to create

19. *Marable*, 578 F.2d at 154; *see also United States v. Cihak*, 137 F.3d 252, 258 (5th Cir. 1998) (citations omitted); *Deshaw*, 974 F.2d at 673–74 (citations omitted); *Marable*, 578 F.2d at 154.

20. *Cihak*, 137 F.3d at 258.

multiple conspiracies."[21] The Court agrees with the Magistrate Judge that the Midland Indictment may represent a much broader description of the same conspiracy charged in the Pecos indictment. Thus, "it would be logical to conclude that the Defendant's role in the Pecos segment of the overall conspiracy would be viewed differently from within that segment versus his role in the larger conspiracy."[22]

## C. Statutory Offenses

The statutory offenses charged are the same. The Pecos CCE charge relied on a violation of § 846, conspiracy to distribute and possession with intent to distribute marijuana, as a predicate offense. Count Two of the Midland Indictment alleges a violation of § 846.

## D. Acts and Places

Although the substantive violations of § 841 charged in each indictment do not overlap, the description of the conspiracies alleged in the two indictments indicate considerable similarities in the nature of the alleged conspiracies. Both indictments alleged that the conspiracies involved importing marijuana by smuggling it from Mexico to the United States. In the Pecos Indictment, the government charged that the marijuana was smuggled across the Rio Grande at points in the Big Bend region of Texas, including Presidio and Redford. Likewise, the Midland Indictment alleges the smuggling of marijuana from Mexico into the United States through the Western District of Texas. Notably, several of the specific illegal acts described in the Midland Indictment oc-

curred in the Big Bend region and specifically in either Presidio or Redford.[23]

Furthermore, the Pecos Indictment states that the conspiracy involved recruiting and paying couriers to drive automobiles loaded with marijuana from the border to the Midland/Odessa area. The alleged method of transporting the marijuana in the Midland Indictment was also through paying couriers and providing them with vehicles to transport the contraband.[24]

Finally, in the instant case, the government charged that the defendants conspired to distribute the contraband in the Western and Northern Districts of Texas and the District of Kansas. The Pecos Indictment does not state exactly where the marijuana was to be distributed; however, it was to be stockpiled and hidden in Midland/Odessa and prepared for sale and transportation to other distributors and consumers. These "other distributors and consumers" could very well have been in the Northern District of Texas and District of Kansas, which, once again, suggests that the Midland Indictment brings a more broad perspective to the same conspiracy alleged in the Pecos Indictment.

The government need not disprove each of the *Marable* factors to satisfy its burden and establish the existence of separate conspiracies.[25] In the instant case, however, an analysis of the combination factors tends to demonstrate a single conspiracy, instead of multiple conspiracies as alleged by the government. Accordingly, the Court concludes that Count Two of the Midland Indictment is a lesser included

---

21. *United States v. Levy*, 803 F.2d 1390, 1395 (5th Cir.1986) (citations omitted).

22. Findings of Fact and Recommendation on Defendant's Motion to Dismiss Indictment, Nov. 9, 2001 at 7.

23. *See* Midland Indictment at paras. 1–4, 8, 17, 18, 21.

24. *See id.* at paras. 1–3, 9, 10, 12, 14, 16–21.

25. *Levy*, 803 F.2d at 1396.

offense of the Pecos CCE charge and therefore, it must be dismissed on double jeopardy grounds.

## II. Count 3 of the Midland Indictment

Count Three of the Midland Indictment charges Defendant and several co-defendants with conspiracy to import marijuana in violation of 21 U.S.C. § 963, in violation of §§ 952(a) and 960. As discussed above, Count One of the Pecos Indictment charged Defendant with a conspiracy to distribute and possess with intent to distribute marijuana in violation of § 846. This conspiracy served as a predicate offense for the CCE charge.

A cursory reading of the two indictments would lead one to believe that Count Three of the Midland Indictment alleges a separate conspiracy from that alleged in Count One of the Pecos Indictment. After all, Midland Count Three charges Defendant with a § 963 conspiracy to distribute marijuana and Pecos Count One charged Defendant with a § 846 conspiracy to import marijuana.

A careful reading of the Pecos Indictment, however, demonstrates that the two counts do not necessarily charge Defendant with different conspiracies. Count One of the Pecos Indictment begins by stating that Defendant and others conspired to import marijuana in violation of 21 U.S.C. §§ 952 and 960. According to the Indictment, part of the conspiracy was to "import marihuana into the United States from Mexico by smuggling the contraband across the Rio Grande at points within the Big Bend region of Texas . . . ." [26]

Defendant claims that the conspiracy alleged in Count Three of the Midland Indictment is the same as the conspiracy described in Count One of the Pecos Indictment. He argues that because conspiracy to import marijuana in violation of § 963, is a lesser included offense of a CCE, the Double Jeopardy Clause prohibits the instant prosecution of Defendant on the § 963 charge.

The government responds by highlighting that the Pecos CCE charge relied on violations of §§ 846 and 841 and did not list § 963 as an underlying offense. The government further argues that the conspiracies alleged in the instant case are factually distinct from the conspiracy alleged in the Pecos Indictment.

Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." [27] The statement of facts in the pleading, rather than the statutory citation, is controlling in an indictment.[28] When an indictment charges conduct that is violative of a particular statute "the individual charged may be convicted under that statute even though the statute is not specified in the indictment." [29]

Although Count One of the Pecos Indictment does not specifically allude to § 963, the Court finds that Count One alleges conduct that constitutes a § 963 conspiracy. As discussed above, the Pecos Indictment specifically states that Defendant and others conspired to import mari-

---

**26.** Pecos Indictment at 2.

**27.** FED. R. CRIM. P. 7(c).

**28.** 1 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 124 (3d ed.1999).

**29.** *United States v. Galgano*, 281 F.2d 908, 910 (2nd Cir.1960); 1 WRIGHT, *supra* note27, at § 124.

juana from Mexico in violation of §§ 952 and 960. Defendant, therefore, could have been convicted of a § 963 conspiracy on the basis of the facts and statutory violations alleged in Count One of the Pecos Indictment. Had this scenario occurred, the Court would have dismissed that count as a lesser included offense of the CCE charge.[30]

In a purely technical sense, the government is correct that the Pecos CCE charge does not include a § 963 conspiracy as an underlying offense. However, the CCE charge does rely on a § 846 conspiracy as an underlying offense, and this conspiracy is described in Count One in terms that also constitute a violation of § 963. For that reason, the Court concludes that the CCE charge also relies on behavior that constitutes a § 963 conspiracy.

Because the Court has found that a § 963 conspiracy is a lesser included offense of the Pecos CCE charge, the Court must now determine whether the conspiracy alleged in the Pecos Indictment is the same as the conspiracy alleged in Count Three of the Midland Indictment; if so, then prosecution of Count Three is barred on double jeopardy grounds. Count Three incorporates the same factual description of the conspiracy as Count Two. As discussed above, the government has failed to satisfy its burden of proving by a preponderance of the evidence that the Pecos and Midland conspiracies are not the same. The result of this analysis is that Count Three of the Midland Indictment, alleging a § 963 conspiracy, accuses Defendant of a lesser included offense of the Pecos CCE charge. Accordingly, the Court shall dismiss Count Three on double jeopardy grounds.

### III. Count 4 of the Midland Indictment

 Count Four of the Midland Indictment charges Defendant and three co-defendants with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant objects to the Magistrate Judge's findings that predicate offenses underlying CCE charges are not lesser included offenses of the CCE charge. Defendant argues that because the charges in Count Four of the Midland Indictment are lesser included offenses of the Pecos CCE charge, the Double Jeopardy Clause prohibits prosecution of Count Four. The Court disagrees.

 Except for conspiracy charges, predicate offenses of a CCE violation are not lesser included offenses of the CCE for Fifth Amendment double jeopardy purposes.[31] Therefore, contrary to Defendant's arguments, prosecution for substantive offenses underlying a CCE charge after prosecution of the CCE charge is permissible.

### CONCLUSION

For the reasons mentioned above, the Court finds that Defendant's Motion should be granted in part and denied in part.

It is ORDERED that the Report and Recommendation of the United States Magistrate Judge is ADOPTED IN ITS ENTIRETY.

It is further ORDERED that Defendant's Motion to Dismiss Indictment be GRANTED IN PART and DENIED IN PART.

---

**30.** *See United States v. Garcia Abrego,* 141 F.3d 142, 154 (5th Cir.1998).

**31.** *See Garrett v. United States,* 471 U.S. 773, 785, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *United States v. Guthrie,* 789 F.2d 356, 360 (5th Cir.1986).

## FINDINGS OF FACT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT

PLATT, United States Magistrate Judge.

BEFORE THE COURT is the Defendant's Motion to Dismiss Indictment, filed July 30, 2001, the Defendant's Corrected Memorandum of Points and Authorities in Support of Motion to Dismiss Indictment, filed August 2, 2001, the Government's Response to Defendant's Motion to Dismiss, filed August 29, 2001, and the Defendant's Reply to the Government's Response to Defendant's Motion to Dismiss Indictment, filed October 16, 2001. A hearing was held October 31, 2001. For the reasons discussed below, it will be the Recommendation of the undersigned United States Magistrate Judge that the Defendant's Motion to Dismiss Indictment should be **GRANTED** in part and **DENIED** in part.

## DISCUSSION

In his Motion, the Defendant moves to dismiss Counts Two, Three, and Four of the indictment filed in this case. The Defendant contends this indictment violates the Double Jeopardy Clause of the Fifth Amendment.

On October 2, 1998, the Defendant pled guilty to violating Title 21 U.S.C. § 848 operating a Continuing Criminal Enterprise (CCE) and Title 18 § 1956(a)(1)(B)(I) and (2) money laundering in case number P–98–CR–019–F (Pecos indictment). The Defendant argues that the CCE conviction bars the prosecution of the offenses in this case. The CCE count in the Pecos indictment charged the Defendant, along with 17 others, with a violation of Title 21 U.S.C. § 841(a)(1) alleging distribution and possession with the intent to distribute marijuana and § 846 conspiracy to distribute marijuana, which were part of a continuing series of such violations, which violations were undertaken by the Defendant in concert with five or more other persons with respect to whom the Defendant occupied a position of organizer, supervisor, and manager, and from which the Defendant obtained substantial income and resources. The CCE offense began in or about 1993 and continued until May 14, 1998, the date of the Pecos indictment. Moreover, the § 846 conspiracy charge included a conspiracy to import marijuana in violation of Title 21 U.S.C. § 952 and § 960, as well as a conspiracy to distribute and possess with the intent to distribute marijuana in violation of Title 21 U.S.C. § 841(a)(1).[1]

On September 29, 2000, the Defendant, along with 31 others, was named in an indictment returned by a federal grand jury sitting in the Midland–Odessa Division of the Western District. In the Midland indictment, Count Two charges the Defendant with a violation of Title 21 U.S.C. § 846 conspiracy to distribute marijuana in excess of 1,000 kilograms. Count Three charges the Defendant with a violation of Title 21 U.S.C. § 963 conspiracy to import more than 1,000 kilograms of marijuana into the United States from the Republic of Mexico contrary to Title 21 U.S.C. §§ 952(a) and 960. The two conspiracies alleged in the Midland indictment

---

1. Title 21 U.S.C. § 952 and § 960 are the substantive importation violation statutes, while § 963 is the conspiracy to import statute. Section 963 was not alleged by citation, but was alleged in the words of the indictment wherein it says the Defendant and others, "willfully and knowingly did combine, conspire, confederate, and agree together, and with each other, to commit offenses against the United States, that is, to import marihuana in violation of Title 21, United States Code, Sections 952 and 960..." In other words, § 952 and § 960 were part of the alleged objectives of the conspiracy.

spanned dates from on or about January 17, 1996 to September 29, 2000, the date of the Midland indictment. Count Four charges the Defendant with a violation of Title 21 U.S.C. § 841(a)(1) aiding and abetting, and knowingly distributing or possessing with intent to distribute 100 kilograms or more, but less than 1,000 kilograms of marijuana on January 17, 1996.

The Fifth Amendment of the United States Constitution provides that no one shall "be subject for the same offence to be twice put in jeopardy of life or limb." Thus, "the double jeopardy clause guarantees that the government, 'with all of its resources and power [will] not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity....'" *United States v. Levy,* 803 F.2d 1390, 1393 (5th Cir.1986) (quoting *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)); *see also United States v. Juarez–Fierro,* 935 F.2d 672, 675 (5th Cir.1991) (asserting that the Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against repeated prosecutions for the same offense).

The test for determining whether two offenses are the same for double jeopardy purposes is "whether the offense charged in the subsequent prosecution requires proof of a fact which the other does not." *United States v. Rodriguez,* 948 F.2d 914, 917 (5th Cir.1991). The Defendant bears the initial burden of establishing a *prima facie* claim of double jeopardy. *Levy,* 803 F.2d at 1393. If the Defendant does so, the burden shifts to the Government to demonstrate by a preponderance of the evidence that the indictment charges a crime separate from that for which the Defendant previously was placed in jeopardy.

### Count Two

Count Two of the Midland indictment charges that from on or about January 17, 1996 to on or about September 29, 2000, in the Western District of Texas and elsewhere, the Defendant did combine, conspire, confederate and agree with the other defendants, and with others known and unknown to the grand jury to distribute and possess with intent to distribute marijuana in violation of Title 21 U.S.C. § 846. The Defendant argues that the conspiracy in the Midland indictment is "part and parcel" of the CCE conviction in the Pecos indictment.

In *Jeffers v. United States,* 432 U.S. 137, 155–56, 97 S.Ct. 2207, 2218–19, 53 L.Ed.2d 168 (1977), the Supreme Court held that drug conspiracy as defined by 21 U.S.C. § 846 or § 963 is a lesser-included offense of a § 848 continuing criminal enterprise.[2] *See also Rutledge v. United States,* 517 U.S. 292, 299–300, 116 S.Ct. 1241, 1247, 134 L.Ed.2d 419 (1996). The CCE offense requires that the defendant commit a predicate offense, that the predicate offense is part of a continuing series of predicate offenses undertaken by the defendant in concert with five or more other persons, that the defendant occupies a position of an organizer or manager or supervisory position, and that the defendant obtains substantial income or resources from the continuing series of violations. 21 U.S.C. § 848(c). The Fifth Circuit has

---

**2.** The conspiracy provisions of the Controlled Substances and Controlled Substances Import and Export Acts proscribe conspiracy to commit any of the offenses defined in those acts. 21 U.S.C. § 846 and § 963. Similarly, the crime of continuing criminal enterprise, as defined in the Controlled Substances Act and construed by the Supreme Court in *Jeffers,* includes as one of its elements a conspiracy to violate the provisions of the Controlled Substances or Controlled Substances Import and Export Acts. § 848(b).

adopted the view that a conspiracy is a lesser-included offense of § 848. *United States v. Brito,* 136 F.3d 397, 408 (5th Cir.1998); *United States v. Gonzalez–Balderas,* 105 F.3d 981, 982 (5th Cir.1997); *United States v. Devine,* 934 F.2d 1325, 1342 (5th Cir.1991); *United States v. Michel,* 588 F.2d 986, 999 (5th Cir.1979), *cert. denied.* Furthermore, the Fifth Circuit explained that a conspiracy is a lesser-included offense of § 848 because the "in concert" requirement of § 848 has been interpreted to "encompass the agreement required to prove a § 846 conspiracy." *Michel,* 588 F.2d at 999.

Before the Court can decide whether the conspiracy charged in the Midland indictment is a lesser-included offense of the Pecos CCE charge, the Court must determine whether the underlying conspiracy of the CCE charge is the same conspiracy charged in Count Two of the Midland indictment. The Defendant has made a showing that there is an overlap in the statutory offenses charged in the Pecos and Midland indictments, as well as an overlap in time between the conspiracies alleged in both indictments. Furthermore, the Defendant has demonstrated that both indictments have a similar recitation of conspiratorial activities, as well as a showing of parallels in the locations of the alleged activities. The Court views this as adequate to establish a *prima facie* showing that the two conspiracies are the same, thereby, establishing a *prima facie* claim of double jeopardy.[3] Therefore, the conspiracy alleged in Count Two will be barred unless the government can prove by a preponderance of the evidence that the Count Two conspiracy in the Midland indictment and the underlying conspiracy of the CCE count in the Pecos indictment

are factually distinct. *U.S. v. Delgado,* 256 F.3d 264, 272 (5th Cir.2001).

The Fifth Circuit has stated:

The essential issue in the double jeopardy analysis respecting conspiracy is whether one, or more than one, agreement existed. *United States v. Deshaw,* 974 F.2d 667, 673 (5th Cir.1992)). To determine whether the alleged conspirators entered into more than one agreement, we evaluate five factors: 1) time; 2) persons acting as co-conspirators; 3) the statutory offenses charged in the indictments; 4) the overt acts charged by the government or any other description of the offense that indicates the nature and scope of the activity that the government sought to punish in each case; and 5) places where the events alleged as part of the conspiracy took place. *Id.* at 673–74 (citing *United States v. Marable,* 578 F.2d 151, 154 (5th Cir.1978)). "No one factor of the *Marable* analysis is determinative; rather all five factors must be considered in combination." *United States v. Cihak,* 137 F.3d 252, 258 (5th Cir.1998).

*Delgado,* 256 F.3d at 272. Moreover, a double jeopardy claim in the context of a narcotics conspiracy, requires the evidence to show that "the participants shared a continuing, common illegal goal and that the operations of the conspiracy followed unbroken, repetitive pattern." *United States v. Henry,* 661 F.2d 894, 896 (5th Cir.1981).

Applying the *Marable* factors, the Court concludes that the government has not satisfied its burden of establishing that the Pecos and Midland indictments charge separate crimes.

---

**3.** The Court will review in greater detail *infra* the application of the Defendant's .facts in light of the *Marable* factors and the government's burden.

**(1) Time**

The Pecos indictment concerned a conspiracy that ranged from 1993 to May 1997, while the Midland indictment involved a conspiracy beginning in January 1996 up to September 2000. Therefore, there is an overlap of the time frames.

**(2) Persons Acting as Co-conspirators**

Seemingly, there is no overlap between the individuals indicted with the Defendant in the Midland and Pecos indictments. Although the cast of conspirators changes, the Defendant remains a central figure in both the indictments. Furthermore, both indictments specifically allege that the respective conspiracies involved "others." Therefore, this does not rule out the probability that those named in the Midland indictment were the "others" named in the Pecos indictment.

Additionally, the Government suggests that the Defendant's role is different in the respective conspiracies indicted. The Defendant is accused of being the manager/organizer of the conspiracy in the Pecos indictment. Whereas, in the Midland indictment, the Defendant is accused of being a driver recruiter and receiver/purchaser of marijuana. However, if the conspiracies indicted in Pecos and Midland are one in the same, but the Midland indictment covers a much broader description of the overall conspiracy, it would be logical to conclude that the Defendant's role in the Pecos segment of the overall conspiracy would be viewed differently from within that segment versus his role in the larger conspiracy. Regardless, the Fifth Circuit has asserted that "a mere shuffling of personnel in an otherwise ongoing operation with an apparent continuity will not, alone, suffice to create multiple conspiracies." *United States v. Levy,* 803 F.2d 1390, 1395 (5th Cir.1986); *United*

States v. Nichols, 741 F.2d 767, 772 (5th Cir.1984).

**(3) Statutory Offenses**

The statutory offenses charged in Count Two of the Midland case and a predicate offense in the CCE charge of the Pecos matter are the same, conspiracy to distribute and possession with intent to distribute marijuana in violation of § 846.

**(4) Overt Acts or Other Description of the Offense Charged**

Both indictments have a similar recitation of the conspiratorial activities. The Pecos indictment charged that marijuana was imported into the Western District of Texas from Mexico by using automobiles to smuggle and pick up loads. The Pecos indictment further charged that these loads were picked up by couriers who were recruited and paid to drive the loads. Furthermore, it was part of the conspiracy to promote, sell and push marijuana. The Midland indictment also charged that automobiles were used to transport marijuana imported from Mexico to the United States through the Western District of Texas. In addition, the Midland indictment charged that the Defendant was responsible for transporting the marijuana and for getting the payments from the marijuana purchasers.

**(5) Places**

There are parallels in the locations of the activities. The marijuana in the Pecos indictment entered the Western District via Mexico at points within the Big Bend region of Texas, including Redford and Presidio. The loads were then sent to the Midland–Odessa area, and then to other distributors elsewhere. The marijuana in the Midland indictment entered the Western District via the Ojinaga, Chihuahau, Mexico, region at points within the Big

Bend region of Texas, including Redford and Presidio. The loads were then sent to other distributors. The locations of the "other" distributors were named in the Midland indictment: other locations in the Western District of Texas, the Northern District of Texas, the District of Kansas, and elsewhere.

The examination of the conspiracies in light of the five factors supports a finding of a single conspiracy. Moreover, the operations of the single conspiracy seemed to have followed an unbroken, repetitive pattern. Therefore, Count Three of the Midland indictment is considered a lesser-included offense of the CCE charge. Accordingly, Count Three of the Midland indictment would be barred on double jeopardy grounds.

### Count Three

Count Three of the Midland indictment charges the Defendant with violating Title 21 U.S.C. § 963 conspiracy to import marijuana. Specifically, Count Three alleges that on or about January 17, 1996 to September 29, 2000, in the Western District of Texas and elsewhere, the Defendant conspired to import more than 1,000 kilograms of marijuana into the United States from the Republic of Mexico, contrary to Title 21 U.S.C. § 952(a) and § 960.

The Defendant has pled guilty to a violation of Title 21 U.S.C. § 848 continuing criminal enterprise, charged in the Pecos indictment. The CCE charged was based upon violations of § 841(a)(1) and § 846.

The Defendant argues that the CCE charge in the Pecos indictment bars Count Three on double jeopardy grounds. The government contends that the CCE charge relied upon violations of § 846 and § 841, not on a § 963 importation conspiracy violation. The government further argues that because the CCE conviction did not require proof of importation, Count Three does not fall within the double jeopardy prohibition.

As stated above, the CCE charge in the Pecos indictment was based upon a violation of § 846, which was charged in Count I. The Count I § 846 charge alleged a single conspiracy and incorporated by reference allegations of two substantive violations as overt acts: conspiracy to import marijuana in violation of Title 21 U.S.C. § 952 and § 960, and conspiracy to distribute and possess with the intent to distribute marijuana in violation of Title 21 U.S.C. § 841(a)(1). Because the Count I § 846 charge incorporated importation and possession with intent to distribute, the CCE count also incorporates these violations for the CCE charge is based upon the Count I § 846 charge. However, the government contends that the CCE count did not rely on an importation violation.[4]

The Fifth Circuit has established "that a single conspiracy may have several objectives and when a conspiracy to violate two or more statutes is alleged, the jury may return a verdict of guilty if they find beyond a reasonable doubt that a conspiracy

---

**4.** Apparently, the government believes that the failure to cite Title 21 U.S.C. § 963 in Count I means conspiracy to import was not charged in Count I of the Pecos case. However, Count I clearly states it includes an allegation the defendants conspired to import marijuana in violation of Title 21 U.S.C. § 952 and § 960. Quoting a portion of the Pecos indictment, Count I, Defendant and others, "willfully and knowingly did combine, conspire, confederate, and agree together,

and with each other, to commit offenses against the United States, that is, to import marihuana in violation of Title 21, United States Code, Sections 952 and 960..." In addition, the Pecos indictment alleged that the Defendant conspired to possess with intent to distribute marijuana in violation of Title 21 U.S.C. § 846. In other words, Count I, alleged two distinct objectives to the conspiracy to violate Title 21.

to violate any one of the statutes existed." *United States v. Elam,* 678 F.2d 1234, 1250 (5th Cir.1982). Moreover, a conspiracy is a single crime no matter how diverse its objectives. *United States v. Sherrod,* 964 F.2d 1501, 1513 (5th Cir.1992) (citing *Frohwerk v. United States,* 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561 (1919)). In this scenario, the Pecos indictment in Count I charged the Defendant with a single conspiracy in violation of § 846. The conspiracy entailed two objectives which violated two separate statutes: conspiracy to import marijuana in violation of Title 21 U.S.C. § 952 and § 960, and conspiracy to distribute and possess with the intent to distribute marijuana in violation of Title 21 U.S.C. § 841(a)(1). Thus, the Defendant was accused of one conspiracy under § 846 to violate two statutes. Therefore, the conspiracy underlying the CCE charge and Count Three both allege conspiracies to import marijuana.

The court must determine whether the two alleged conspiracies are the same. As discussed above, the government has not satisfied its burden of establishing that the Pecos and Midland indictments charge separate conspiracies. In addition, the Fifth Circuit has held that a § 846 or § 963 conspiracy is a lesser-included offense of § 848. *United States v. Michel,* 588 F.2d 986, 999 (5th Cir.), *cert. denied.* Because the conspiracy alleged in Count Three of the Midland indictment and the CCE charge of the Pecos matter are part of the same conspiracy, the importation conspiracy charge in Count Three constitutes a lesser-included offense of the CCE charge in the Pecos indictment. Therefore, double jeopardy applies and the Defendant should not be punished under the CCE charge from Pecos and Count Three of the Midland indictment.

### Count Four

Count Four of the Midland indictment charges that on or about January 17, 1996, in the Western District of Texas, and elsewhere, the Defendant, the listed defendants and others, aided and abetted by each other, knowingly did distribute or possess 100 kilograms or more, but less than 1,000 kilograms of marijuana with the intent to distribute in violation of Title 21 U.S.C. § 841(a)(1) and Title 18 U.S.C. § 2.

The Defendant argues that an offense actually relied upon to establish a continuing criminal enterprise under § 848 is a lesser included offense under that section. The Defendant contends that the Pecos indictment and the Midland indictment, for which he was already convicted and serving time, pertain to the same conspiracy. As such, the Defendant argues that the violation of § 841(a)(1) charged in the Midland indictment is a lesser-included offense of the § 848 CCE charge of the Pecos indictment. The Defendant contends that Count Four of the Midland indictment is barred on double jeopardy grounds because he cannot be tried subsequently for a lesser-included offense of the Pecos § 848 charge. The government argues that the charge alleging aiding and abetting the possession with intent to distribute does not fall within the double jeopardy prohibition because the substantive crime and the conspiracy to commit that crime are not the same offense for double jeopardy purposes. Although the court disagrees with the government's reasoning, the court does agree that Count Four does not fall within the double jeopardy prohibition.

Under Title 21 U.S.C. § 848, the continuing criminal enterprise provision, the government must prove that the Defendant committed a predicate offense violating a specified drug law. 21 U.S.C. § 848(c)(1); *see also United States v. Hicks,* 945 F.2d 107, 109 n. 1 (5th Cir. 1991). The Supreme Court has declared that:

[T]he language, structure, and legislative history of the Comprehensive Drug Abuse, Prevention and Control Act of 1970 ... show in the plainest way that Congress intended the CCE provision to be a separate criminal offense which was punishable in addition to, and not as a substitute for, the predicate offenses.

*Garrett v. United States*, 471 U.S. 773, 779, 105 S.Ct. 2407, 2412, 85 L.Ed.2d 764 (1985). Contrary to the Defendant's argument that an offense relied upon to establish a continuing criminal enterprise under § 848 is a lesser-included offense under that section, the Fifth Circuit has held that predicate offenses of a CCE are not lesser-included offenses of a CCE for purposes of the double jeopardy clause. *United States v. Guthrie*, 789 F.2d 356, 358–59 (5th Cir. 1986) (en banc); *see also United States v. Devine*, 934 F.2d 1325, 1344 (5th Cir.1991); *see also United States v. Deshaw*, 974 F.2d 667, 675–76 (5th Cir.1992). Thus, the Fifth Circuit has held that although conspiracy constitutes a lesser-included offense of § 848, a substantive offense does not constitute a lesser-included offense of § 848. *Michel*, 588 F.2d at 999; *Guthrie*, 789 F.2d at 358–59. The CCE charge in the Pecos indictment was predicated upon violations of § 846 and § 841(a)(1). Even though the Defendant pled guilty to the CCE charge, the underlying § 841 substantive count is not considered a lesser-included offense. Accordingly, Count Four of the Midland indictment does not fall within the double jeopardy prohibition.

## CONCLUSION/RECOMMENDATION

For the reasons discussed above, Count Two and Count Three of the Midland indictment should be dismissed on double jeopardy grounds. Count Four of the Midland indictment does not fall within the double jeopardy prohibition, and thus, should not be dismissed. Accordingly, it is the Recommendation of the undersigned that the District Judge **GRANT** the Defendant's Motion to Dismiss the Indictment in part and **DENY** in part the Motion as set forth above.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Regular Mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir.1996).

November 9, 2001.