**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4905**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON LANDIS LINDER, a/k/a Black, a/k/a Rodney
Peterson,

Defendant - Appellant.

**No. 04-4916**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY TARRATS, a/k/a Skip, a/k/a Ozzy,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern
District of Virginia, at Norfolk. Raymond A. Jackson, District
Judge. (CR-04-16)

Submitted: March 8, 2006        Decided: April 5, 2006

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Jennifer T. Stanton, J.T. STANTON, P.C., Norfolk, Virginia; Steven C. Frucci, STALLINGS & BISCHOFF, P.C., Virginia Beach, Virginia, for Appellants.  Paul J. McNulty, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Jason Landis Linder and Jeffrey Tarrats seek to appeal their convictions and sentences to 262 months in prison and five years of supervised release after pleading guilty to conspiring to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 (2000). They seek to raise claims challenging their sentences based on Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Because the Appellants waived their appellate rights in their plea agreements, we grant the Government's motions to dismiss on that basis and deny Appellants' motions to remand.

When the Government seeks to enforce a waiver of appellate rights, and there is no claim that the Government breached the plea agreement, this court will enforce the waiver if the record establishes the defendant knowingly and intelligently agreed to waive the right to appeal, and the issue being appealed is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Johnson, 410 F.3d

137, 151 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 461 (2005) (internal quotations and citations omitted).

In their plea agreements, Appellants each waived their rights to appeal their convictions and "any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on . . . any ground whatsoever." Appellants do not contend the district court failed to question them concerning their appellate waivers at their guilty plea hearings or that they did not otherwise understand the full significance of their waivers. Further, they do not assert that their sentences exceeded the statutory maximum or that the Government breached their plea agreements.

Linder contends that while he "did waive his right to appeal in the plea agreement," the "agreement did not contemplate <u>Blakely</u>." However, his argument is foreclosed by our decisions in <u>Johnson</u>, 410 F.3d at 153, and <u>Blick</u>, 408 F.3d at 170. Tarrats contends the Government's failure to object, after the district court inquired at the end of his sentencing hearing whether "he still wish[ed] to follow" his appellate waiver and Tarrats's counsel stated that <u>Blakely</u> "would be the sole reason for an appeal," constituted either a modification of his appellate waiver or a waiver by the Government of its right to enforce the appellate waiver on appeal. We disagree. We find there was no mutually agreed upon modification of the waiver of appellate rights

contained in Tarrats's knowing and voluntary plea agreement. Moreover, the Government has timely and diligently pursued enforcement of the appellate waiver on appeal.

Accordingly, we grant the Government's motions to dismiss and deny the Appellants' motions to remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED