**PUBLISHED**

Filed: March 24, 2009

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JASON LANDIS LINDER, a/k/a Black,
a/k/a Rodney Peterson,
    *Defendant-Appellant.*

No. 07-6137
(2:04-cr-00016-RAJ-
JEB-5)

### O R D E R

Appellant filed a petition for rehearing and rehearing en banc.

The panel voted to deny the petition for rehearing. Accordingly, the petition for rehearing is denied.

A member of the Court requested a poll on the petition for rehearing en banc. Chief Judge Williams and Judges Wilkinson, Niemeyer, Traxler, King, Shedd, Duncan, and Agee voted to deny rehearing en banc. Judges Michael, Motz, and Gregory voted to grant rehearing en banc.

Because the poll on rehearing en banc failed to produce a majority of judges in active service in favor of rehearing en banc, the petition for rehearing en banc is denied.

Judge Motz wrote an opinion dissenting from the denial of rehearing en banc.

For the Court

/s/ Patricia S. Connor
Clerk

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge, dissenting from the denial of rehearing *en banc*:

In my view, by refusing to grant Jason Landis Linder habeas relief, a panel of this court has not only seriously erred, but also utterly failed to vindicate our Constitution's promise of equal justice under law.

No one disputes the following facts. The district court, adhering to then-mandatory federal Sentencing Guidelines, more than doubled Linder's sentence on the basis of facts never found by a jury. Shortly thereafter, in *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held such sentences unconstitutional. The rule established in *Booker* applies to Linder because his conviction was not final until more than a year after *Booker* issued. But because Linder waived his right to a direct appeal, we dismissed his direct appeal on that ground. *See United States v. Linder*, 174 F. App'x 174 (4th Cir. 2006) (unpublished). Linder then filed a timely petition for habeas relief pursuant to 28 U.S.C. § 2255 (2006), seeking a remand for resentencing under *Booker*. Linder has *never* waived his right to habeas relief.

Notwithstanding these undisputed facts, the panel has chosen to ignore Linder's concededly unconstitutional sentence and deny him all habeas relief, reasoning that to do otherwise would "circumvent" the dismissal of his direct appeal. *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009). This rationale offers precious little support for the panel's decision to

leave in place Linder's unconstitutional sentence. In fact, granting Linder's request on habeas—a remand for resentencing—"circumvents" nothing because Linder's *Booker* claim was never considered, let alone fully and fairly considered, on direct appeal. Instead, Linder's direct appeal was *dismissed* without resolution, or even discussion, of the merits of his *Booker* claim.

Moreover, in holding that Linder has somehow defaulted his right to habeas relief, the panel must rely on an argument that was itself defaulted by the Government's failure to raise it in the district court. When habeas *petitioners* have sought to advance such defaulted arguments, this court has steadfastly refused to consider them. Allowing the Government to prevail on an argument that it defaulted seems to me the antithesis of the equal justice under law guaranteed by our Constitution. This unequal treatment works a particularly inequitable result here given the contemporaneous statement of the sentencing court that, if not bound by the then-mandatory Sentencing Guidelines, it would have sentenced Linder to less than half the twenty-two year sentence that the Guidelines then required.

## I.

Linder pled guilty to conspiracy to possess heroin with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). In doing so he waived his right to file a *direct* appeal; he did not, however, waive his right to habeas corpus relief pursuant to 28 U.S.C. § 2255 (2006).[1]

---

[1]The written plea agreement indicates that both parties—Linder and the Government—recognized that Linder's waiver of his right to challenge his conviction and sentence on direct appeal did not, and was not intended to, waive his right to do so on habeas. The agreement expressly provides that it "constitutes the complete plea agreement between [the parties]," and it contains no waiver of Linder's habeas rights to challenge his conviction or sentence. In contrast, the plea agreement contains an express waiver of

After Linder's plea, but before his sentencing, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), which held Washington's mandatory sentencing system unconstitutional. In the wake of *Blakely*, an *en banc* majority of this court held that *Blakely* did *not* apply to the mandatory federal Sentencing Guidelines and so upheld their constitutionality. *United States v. Hammoud*, 378 F.3d 426, 426 (4th Cir. 2004), *vacated*, 543 U.S. 1097 (2005). Recognizing the closeness of the question, however, we suggested that, in addition to a sentence pursuant to the mandatory Guidelines, sentencing courts "also announce . . . a sentence . . . treating the guidelines as advisory only." *Id.*

In accord with this suggestion, when sentencing Linder the district court explained that the mandatory Guidelines required a sentence of 262 months in prison, but that if "not confined by the sentencing guidelines in this case, the Court would impose a sentence in this case of 120 months." Thus, the sentencing court concluded that a sentence of ten years was the appropriate punishment under 18 U.S.C. § 3553(a) (2006)—rather than the sentence of almost twenty-two years imposed because of the then-mandatory Guidelines. Indeed, the criminal judgment sentencing Linder to a term of imprisonment expressly includes this "alternative sentence," rendered "pursuant to 18 U.S.C.A. § 3553(a)."

Given the district court's "alternative sentence," Linder understandably filed a direct appeal to this court, notwith-

---

both "direct appeal" and "habeas corpus" rights with respect to any forfeiture. Thus, when the parties intended to agree to a waiver of habeas corpus rights, they explicitly said so. The Government knows how to include an express habeas waiver in a plea agreement when parties agree to one. *See, e.g.*, *United States v. Lemaster*, 403 F.3d 216, 218 (4th Cir. 2005) (quoting plea agreement containing express provision that the defendant "waive[s] any right . . . to collaterally attack [the] conviction and/or sentence imposed"). But the Government did not do so here.

standing his waiver of this right.² While Linder's direct appeal was pending before us, the Supreme Court decided *Booker* and overruled *Hammoud*. In *Booker*, the Supreme Court squarely held that mandatory federal Guidelines—and sentences imposed pursuant to them—violate the Sixth Amendment right to trial by jury. 543 U.S. at 244. The Court made its holding in *Booker* retroactive to all cases "'pending on direct review or not yet final,'" *id.* at 268 (*quoting Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)), recognizing that resentencing rights would be subject to "ordinary prudential doctrines." *Id.* In accord with one such "prudential doctrine"— Linder's waiver of his right to bring a direct appeal—we dismissed Linder's direct appeal. *See Linder*, 174 F. App'x at 175-76. The Supreme Court subsequently denied certiorari. *Linder v. United States*, 549 U.S. 938 (2006).

While Linder's petition for certiorari was pending, he filed a *pro se* "Memorandum in Aid of Sentencing" requesting that the district court impose the "alternative" ten-year sentence contained within its original judgment. The district court construed this as a petition for habeas relief pursuant to 28 U.S.C. § 2255 (2006). The Government opposed the petition, arguing that Linder could not prevail because his conviction was final prior to *Booker*, and *Booker* did not apply "to habeas proceedings involving defendants whose convictions have become final" before *Booker* issued. The district court denied Linder

---

²At the time Linder filed his direct appeal, it was quite possible that, were *Booker* to be decided in Linder's favor, we might have later held that plea agreements cannot waive constitutional *Booker* claims. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) (defendants cannot waive challenges to sentences imposed "based on a constitutionally impermissible factor"). Although we subsequently rejected this argument, *see United States v. Blick*, 408 F.3d 162, 169–73 (4th Cir. 2005), Linder's appeal was certainly reasonable. The Government's suggestion that Linder should somehow be faulted for "breaching" his plea agreement thus rings hollow. Linder was entitled to appeal, despite the appellate waiver, if only to challenge the enforceability of that waiver. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

habeas relief on this ground, finding that his "conviction was final before *Booker*."

By adopting the Government's argument and so holding, the district court clearly erred.[3] Yet, in response to Linder's *pro se* petition to alter the district court's judgment, which pointed out this error, the Government claimed that any error had been "invited" *by Linder* and so he could not "complain" about it. Once again the Government did *not* argue that Linder's waiver of his right to a direct appeal in any way foreclosed his ability to obtain habeas relief; instead, the Government addressed Linder's habeas arguments on the merits. The district court denied Linder's *pro se* petition to alter the judgment, again adopting the Government's erroneous argument.

Linder then filed a timely *pro se* petition for a certificate of appealability with this court, contending that the district court erred in denying his habeas petition on the ground that his conviction was final before *Booker* was decided. We granted the certificate of appealability on "the issue of whether the district court erred in ruling that Linder's conviction was final before *United States v. Booker*, 543 U.S. 220 (2005), and that *Booker* was not available to Linder." Only *then* did the Government raise, for the first time, its new argument that Linder's waiver of appellate rights also precluded his right to habeas relief.[4] The panel affirmed on this ground alone. *See Linder*, 552 F.3d at 396–97.

---

[3]As the panel properly recognized, Linder's conviction did not become final until the denial of his petition for certiorari on October 2, 2006— more than a year and a half *after* the Supreme Court decided *Booker*. *See Clay v. United States*, 537 U.S. 522, 527 (2003).

[4]The Government has abandoned the arguments it made to the district court and now relies *solely* on Linder's appeal waiver as the basis for denying him habeas relief. Neither the Government nor the panel provides any other reason why *Booker* does not compel a remand for resentencing here.

Clearly, Linder did waive his right to challenge his sentence *on direct appeal*. But, just as clearly, Linder *never* waived his right to bring a collateral challenge to his sentence under § 2255. Indeed, by failing to contend that Linder waived his right to habeas relief in the district court, the Government waived this waiver argument.

Section 2255 commands that we provide relief to a habeas petitioner when his "sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255(a)–(b) (2006). As the Government and the panel acknowledge, Linder's sentence clearly violates the Constitution. This should be the end of the matter. We should, as we have in other cases, grant the petition for relief and remand for resentencing. *See, e.g.*, *United States v. Hughes*, 401 F.3d 540, 543–44 (4th Cir. 2005) (remanding for resentencing when the defendant's sentence was imposed in violation of *Booker*); *United States v. Pasquantino*, 230 F. App'x 255, 256–57 (4th Cir. 2007) (approving resentencing upon § 2255 petition when convictions were not final before *Booker*) (unpublished).

## II.

The panel, however, denies Linder this habeas relief because it concludes that "Linder may not circumvent a proper ruling on his *Booker* challenge on direct appeal by re-raising the same challenge in a § 2255 motion." *See Linder*, 552 F.3d at 396–97 (*citing Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam)).

The fundamental difficulty with this rationale is that Linder's habeas petition does not "circumvent" any direct appeal "ruling on his *Booker* challenge." This court, on direct appeal, never issued a ruling on Linder's *Booker* challenge; we simply dismissed the case because of Linder's appeal waiver. The panel's reliance on *Boeckenhaupt* is thus misplaced. The bar against relitigation established by that case only applies to claims "fully considered" in a prior direct

appeal. *Boeckenhaupt*, 537 F.2d at 1183. As we explained in *Blick*, another case relied on by the panel, an appellate waiver requires us to "dismiss[ ] the appeal *without addressing the merits*." *Blick*, 408 F.3d at 167-68 (emphasis added). Thus, when we dismissed Linder's direct appeal we did not "fully consider" or "address[ ] the merits" of his *Booker* claim; rather, we expressly *refused* to consider the merits of that claim. *See Linder*, 174 F. App'x at 175–76.[5]

Neither the panel nor the Government has cited any case that has held, as the panel does here, that a dismissal of an appeal constitutes a "full consideration" on the merits that bars collateral review. As the Seventh Circuit has explained, "[a]n issue previously raised on direct appeal cannot be relitigated in a Section 2255 proceeding *only* if the issue was *resolved on the merits* . . . ." *Kramer v. United States*, 788 F.2d 1229, 1231 (7th Cir. 1986) (emphasis added); *see also United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) (section 2255 relitigation bar applies to claims "raised *and decided*" on direct appeal) (quotation omitted) (emphasis added); *Argencourt v. United States*, 78 F.3d 14, 16 n.1 (1st Cir. 1996) (same). On direct appeal, we never addressed—let alone resolved—the merits of Linder's *Booker* claim. Of course, if we had, Linder would have undoubtedly obtained a remand for resentencing. *See Hughes*, 401 F.3d at 543–44.

The panel opinion thus eliminates Linder's collateral challenge rights even though he never agreed to waive those rights. The Government itself candidly acknowledges that this

---

[5]We have routinely made this distinction in cases involving ineffective assistance of counsel. Indeed, when dismissing such a claim on direct appeal as premature, we have expressly noted that it may be later litigated in a § 2255 motion, presumably because dismissal did not address the merits of the claim. *See, e.g.*, *United States v. Bartram*, 407 F.3d 307, 311 n.2 (4th Cir. 2005); *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992); *compare Fuller v. United States*, 398 F.3d 644, 648–49 (7th Cir. 2005) (relitigation bar does apply when ineffective assistance claim was "decided [on] the merits" on direct appeal).

result seems to "smuggle[ ] in the benefits of a § 2255 waiver without an express § 2255 waiver." Response of the United States to Petition for Rehearing *En Banc* at 10. The panel's holding does precisely that, erasing the clear distinction—which we and other courts have long recognized—between waivers of *only* direct appeal rights and waivers of *both* direct appeal and habeas rights. *See, e.g.*, *Lemaster*, 403 F.3d at 220; *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001). Moreover, the panel's holding conflicts with the settled rule that criminal defendants may only waive habeas rights *expressly*. *See, e.g.*, *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly. The government gets what it bargains for but nothing more."); *accord United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001); *Allen v. Thomas*, 161 F.3d 667, 670–73 (11th Cir. 1998).

In sum, Linder's waiver of his right to bring a direct appeal does not foreclose his habeas claim. The panel erred in holding that it does.

### III.

Even if Linder's waiver of appellate rights did somehow also waive his habeas rights, the panel opinion fails for a more fundamental reason: the Government *did not raise* this argument in the district court. Rather, the Government asserted that Linder's appeal waiver barred § 2255 habeas relief for the first time in this appeal. We have long held—as have our sister circuits—that "the government's failure to raise [a] waiver as a procedural bar" constitutes "a waiver of the waiver." *United States v. Metzger*, 3 F.3d 756, 757 (4th Cir. 1993); *accord United States v. Ware*, 416 F.3d 1118, 1121 (9th Cir. 2005); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). In short, "the government forfeited its right to rely on the appeal-waiver provision by failing to raise the issue in the

district court." *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir. 1998).

The panel opinion completely ignores this well-established rule, to render an unnecessary—and unjust—result. A habeas petitioner like Linder procedurally defaults his claim unless he raises it at sentencing, on direct appeal, *and* in the district court when seeking habeas relief. *See United States v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999). Fundamental fairness requires that the Government not prevail on an argument that we would surely reject as defaulted if not raised by a petitioner until this late stage.

Instead, without even a nod at this inequity, the panel determines to overlook the Government's default because it believes that, given the "unique circumstances of this case," to do otherwise would "effectively . . . revers[e] our prior decision on direct appeal." *Linder*, 552 F.3d at 396 n.2. As explained above, affording Linder habeas relief does not in any way "reverse" the prior decision on Linder's direct appeal because that decision *dismissed* Linder's appeal and did not address its merits.

Moreover, and perhaps more importantly, the most critical "unique circumstance" in this case is the conceded fact that Linder's sentence violates the Constitution. Rather than justifying a denial of habeas relief, this "circumstance" provides a powerful reason for granting such relief and refusing to ignore the Government's default.[6]

---

[6]Compounding the injustice here is the panel's disregard of the statutorily defined scope of our review. On appeal from the denial of a § 2255 petition, this court is empowered to consider only the "specific issue or issues" set forth in the certificate of appealability. 28 U.S.C. § 2253(c)(3) (2006). Here, the certificate of appealability set forth a *single* issue. Thus, the panel ordered that: "[a] certificate of appealability is granted on *the issue* of whether the district court erred in ruling that Linder's conviction was final before *United States v. Booker*, 543 U.S. 220 (2005), and that

IV.

To reach its desired result, the panel must not only hold that a dismissal based on an appeal waiver somehow constitutes an adjudication on the merits precluding habeas review, but also exempt the Government from the usual rules barring consideration of arguments not properly raised. I cannot understand why the panel strains to ensure that a man's unconstitutional sentence remains in place, and why a majority of my colleagues refuse to correct this injustice.

Twelve years of a man's life ought to trump any imagined tension between dismissal of Linder's direct appeal and a grant of habeas relief to him. Indeed, permitting this unconstitutional sentence to stand may well constitute the sort of "miscarriage of justice" that we could and should correct *even if* the Government had not defaulted its waiver argument. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

---

*Booker* was not available to Linder for post-conviction relief on his Sixth Amendment claim" (emphasis added). The panel then ordered "briefing on *this issue*," deferring "action on *any additional issues* pending a review of the case on the merits" (emphasis added).

The panel, having never ordered briefing or granted a certificate of appealability on any other issue, found that the district court indeed erred on the only issue properly before it. But instead of applying *Booker* to Linder's sentence, the panel went beyond the single issue set forth in the certificate of appealability—and, indeed, beyond any argument that was actually made in the district court—to deny Linder habeas relief. When habeas petitioners raise arguments outside the certificate of appealability, we routinely refuse to consider them. *See, e.g.*, *Griggs v. Maryland*, 263 F.3d 355, 359 n.2 (4th Cir. 2001). In doing so, we adhere to the statutory mandate of § 2253(c)(3) that "appellate review is limited to the issues specified in the certificate of appealability." *Carter v. Hopkins*, 151 F.3d 872, 874 (8th Cir. 1998); *see also Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998); *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). Again, simple justice seems to me to require that we apply this principle equally when the Government attempts to raise issues outside those stated in the certificate of appealability.

With respect, and great regret, I dissent from the court's refusal to rehear this case *en banc*.