ALD-002                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1512
_____

JEFFREY TARRATS,
                            Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-13-cv-00696)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 2, 2014
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: October 29, 2014 )
_____

OPINION
_____

PER CURIAM

        Pro se appellant Jeffrey Tarrats appeals the District Court's denial of his habeas

petition filed pursuant to 28 U.S.C. § 2241.  Because the appeal fails to present a

substantial question, we will summarily affirm the District Court's judgment.  See 3d Cir.

LAR 27.4 & I.O.P. 10.6.

Tarrats, a federal prisoner, was convicted in the United States District Court for the Eastern District of Virginia of conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. § 846. In October 2004, Tarrats was sentenced to 262-months of imprisonment. Additionally, the sentencing court announced the following alternative sentence: "[I]f the Court was not bound to follow these United States sentencing mandates, the Court would sentence you to the Bureau of Prisons for a period of 120 months. That's ten years, and the Court believes that's more appropriate as a sentence." The following exchange also took place:

| Sentencing Court: | At the time you entered your plea, Mr. Tarrats, you waived your right to appeal any sentence within the statutory maximum. Does he still wish to follow that provision of his plea agreement? The Court understands he might have some objection under Blakely which the Court has overruled. |
| Counsel: | That would be the sole reason for an appeal if the Court pleases. |

On direct appeal, Tarrats sought to challenge his sentence. In affirming the judgment of sentence, the Fourth Circuit determined that Tarrats had waived his appellate rights. See United States v. Linder, 174 F. App'x 174, 175 (4th Cir. 2006). The Court specifically rejected Tarrats' arguments that the sentencing colloquy "constituted either a modification of his appellate waiver or a waiver by the Government of its right to enforce the appellate waiver on appeal." Id.

Tarrats filed the instant § 2241 petition in the United States District Court for the Middle District of Pennsylvania, the jurisdiction in which he is confined, challenging his sentence as it is being executed. The District Court denied the petition and this appeal

2

ensued. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

In his § 2241 petition, Tarrats asserts that he was sentenced to "two seperate (sic) terms of imprisonment," and that the Bureau of Prisons (BOP) has exceeded its jurisdiction in executing the longer of these two terms. Generally, the execution or carrying out of an initially valid confinement is the purview of a § 2241 proceeding, as attacks on the validity of a conviction or sentence must be asserted under 28 U.S.C. § 2255. See United States v. Hayman, 342 U.S. 205, 213-14 (1952). To the extent that the petition can be read as challenging the execution of the sentence, we agree with the District Court that there is simply no merit to Tarrats' arguments.

In the wake of Blakely v. Washington, 542 U.S. 296 (2004), the Fourth Circuit instructed district courts to continue to sentence pursuant to a mandatory application of the Sentencing Guidelines, but recommended announcing an alternative sentence pursuant to 18 U.S.C. § 3553(a), treating the guidelines as advisory only, pending clarification from the Supreme Court. See United States v. Hammoud, 381 F.3d 316, 353 (4th Cir. 2004) (en banc). Tarrats was sentenced less than two months after Hammoud, and prior to the decision in United States v. Booker, in which the Supreme Court invalidated the statutory provisions purporting to make the sentencing guidelines mandatory. 543 U.S. 220, 260-62 (2005). Contrary to Tarrats' arguments, the sentencing court did not impose two terms of imprisonment, nor is the sentence ambiguous. Rather, in accordance with the Hammoud decision, it imposed a 262-month sentence, but

3

alternatively announced a 120-month sentence, which it would have imposed but for the mandatory nature of the guidelines. The alternative sentence would only have played a role if resentencing was required by Booker. The Supreme Court made Booker retroactive to all cases pending on direct review, but recognized that resentencing rights would be subject to "ordinary prudential doctrines." Id. at 268. Following this guidance, the Fourth Circuit applied the waiver doctrine in rejecting Tarrats' Booker claims on direct appeal. See Linder, 174 F. App'x at 175; see also Shea v. Louisiana, 470 U.S. 51, 58 n.4 (1985) (noting that the retroactive application of a new rule to cases pending on direct review is "subject, of course, to established principles of waiver, harmless error, and the like."); United States v. Lockett, 406 F.3d 207, 212-13 (3d Cir. 2005) (enforcing a waiver agreement in denying Booker claims on direct appeal). Accordingly, the BOP is properly carrying out the 262-month sentence.

Subsequent to his direct appeal, Tarrat repeatedly sought to attack his sentence, including filing a motion to impose an alternative sentence, a motion to vacate his sentence pursuant § 2255, and a motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b). Each of these efforts was unsuccessful. To the extent the § 2241 petition is another attempt by Tarrats to attack the legality of his sentence[1], he cannot prevail. He may not pursue a collateral attack on his sentence by way of § 2241 unless he can show that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his

---

[1]  Although Tarrats protests to the contrary, his petition specifically argues that his sentence is ambiguous and that a "sentence is illegal if it is ambiguous with respect to the manner in which it is imposed." Mem. of Law in Support of Motion Pursuant to 28 U.S.C. § 2241 at 2.

4

detention." 28 U.S.C. § 2255(e). It is clear that, under this "safety valve" provision, a prior unsuccessful § 2255 motion or the inability to meet the statute's stringent gatekeeping requirements does not render § 2255 inadequate or ineffective. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rather, the exception is narrow, limited to extraordinary circumstances such as where the petitioner "had no earlier opportunity" to present his claims and has been convicted for conduct which is no longer deemed criminal. Id. This is clearly not a situation in which Tarrats "had no earlier opportunity to challenge his conviction," nor has his conduct been rendered non-criminal. Id.

Accordingly, because no "substantial question" is presented as to the denial of the § 2241 petition, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.