**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1449
_____

JEFFREY TARRATS,
                                        Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-17-cv-00432)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2019
Before:  GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: April 29, 2020)
_____

OPINION[*]
_____

PER CURIAM

    Jeffrey Tarrats appeals from the District Court's order dismissing his petition for a

writ of habeas corpus, which he filed under 28 U.S.C. § 2241.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

In 2004, Tarrats pleaded guilty to drug charges in the United States District Court for the Eastern District of Virginia. That court sentenced Tarrats as a "career offender" under U.S.S.G. § 4B1.1 to 262 months in prison. In doing so, the court relied on Tarrats's three prior convictions of possessing with the intent to distribute controlled substances in violation of Va. Code § 18.2-248 (two of which involved cocaine).

Tarrats appealed, but the Fourth Circuit Court of Appeals dismissed his appeal on the basis of an appellate waiver contained in his plea agreement. See United States v. Linder, 174 F. App'x 174, 175-76 (4th Cir. 2006). Tarrats has since unsuccessfully challenged his sentence on numerous occasions, including in a motion under 28 U.S.C. § 2255 with his sentencing court, see United States v. Tarrats, 251 F. App'x 256, 257 (4th Cir. 2007), and in a § 2241 petition with his court of confinement in this Circuit, see Tarrats v. Warden Allenwood USP, 592 F. App'x 52, 53-54 (3d Cir. 2014).

At issue here is another § 2241 petition that Tarrats filed in his court of confinement. This time, Tarrats argued that, under Mathis v. United States, 136 S. Ct. 2243 (2016), his convictions under Va. Code § 18.2-248 do not qualify as "controlled substance offenses" as defined in U.S.S.G. § 4B1.2(b). The District Court dismissed Tarrats's petition on the ground that his claim was not cognizable under § 2241 and the theory that we recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), because he challenged only his sentencing designation as a career criminal and not his convictions

2

for his underlying crimes.  Tarrats appeals.[1]

## II.

The parties dispute whether federal prisoners can challenge career-offender designations under § 2241 and the theory that we recognized in Dorsainvil.  We have not decided that question, see United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015), and we need not do so in this case because we agree with the Government's alternative argument that Tarrats's claim lacks merit.  See Shepherd v. Krueger, — F.3d —, No. 17-1362, 2018 WL 6787294, at *1 (7th Cir. Dec. 26, 2018) (electing to "bypass . . . procedural hurdles" regarding a Mathis-based § 2241 petition where the petition "can be resolved most simply on the merits").

Tarrats claims that his convictions under Va. Code § 18.2-248 do not qualify as "controlled substance offenses" as defined in U.S.S.G. § 4B1.2(b).  In particular, Tarrats argues that the Virginia statute is broader than § 4B1.2(b) and that a conviction under the Virginia statute thus does not qualify under the strict categorical approach first required by Taylor v. United States, 495 U.S. 575 (1990).  Tarrats further argues that, under Mathis, convictions under the Virginia statute must be assessed by that strict categorical approach rather than the modified categorical approach because the Virginia statute is not

---

[1] Federal prisoners do not require a certificate of appealability to appeal the dismissal of a § 2241 petition.  See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018).  Thus, we have jurisdiction under 28 U.S.C. § 1291.  We may affirm for any reason supported by the record.  See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017).

3

divisible.

This claim lacks merit because, regardless of whether convictions under the Virginia statute are assessed under the categorical approach or the modified categorical approach, Tarrats has not shown that the Virginia statute is broader than § 4B1.2(b) in any way. The relevant provisions of the statute and Guidelines definition are set forth in the margin.[2]

Tarrats argued below that the Virginia statute is broader than the Guidelines definition in two respects. First, he argued that the Virginia statute criminalizes possession with intent to "give," Va. Code § 18.2-248(A), while § 4B1.2(b) does not use that word and instead requires possession with intent to "distribute or dispense." Tarrats has not repeated that argument in arguing the merits of his claim on appeal, so we could deem it waived.

In any event, Tarrats has raised nothing suggesting that the Virginia statute's use of the word "give" is broader than § 4B1.2(b)'s use of the word "distribute." Courts interpreting the term "distribute" as used in 21 U.S.C. § 841(a) have recognized that "drugs may be distributed by giving them away for free." United States v. Bobadilla-Pagán, 747 F.3d 26, 32 (1st Cir. 2014) (quoting United States v. Cortés-Cabán, 691 F.3d

---

[2] Section 4B1.2(b) defines as a controlled substance offense "an offense under federal or state law . . . that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." The Virginia statute in turn makes it "unlawful for any person to . . . possess with intent to manufacture, sell, give or distribute a controlled substance[.]" Va. Code § 18.2-248(A).

4

1, 19 (1st Cir. 2012), and citing, inter alia, United States v. Washington, 41 F.3d 917, 919 (4th Cir. 1994)).  Tarrats has not addressed this point, let alone raised anything suggesting that the term "distribute" as used in § 4B1.2(b) should be interpreted any differently.

Second, Tarrats relied on another section of the Virginia statute providing for a reduced sentence if the defendant is able to prove that he or she acted "only as an accommodation to another individual."  Va. Code. § 18.2-248(D).  Thus, he argued that the Virginia statute is broader than § 4B1.2(b) because he could have violated the Virginia statute merely by making an "accommodation" to another.

"According to Virginia case law," however, "§ 18.2-248(D) is relevant only to sentencing and allows the defendant to mitigate his punishment; it does not change the offense, which remains distribution regardless of whether an accommodation is involved."  United States v. Rodriguez, 523 F.3d 519, 524 (5th Cir. 2008) (collecting Virginia cases in addressing a challenge to the application of a different Sentencing Guideline).  Thus, even if the Virginia statute can be violated by giving drugs away for free or otherwise distributing them merely as an accommodation, the Virginia statute still requires an intent to distribute just as § 4B1.2(b) does.

In sum, Tarrats has raised nothing suggesting that the Virginia statute is broader than § 4B1.2(b) in any way.  Thus, even if Mathis requires application of the strict categorical approach to convictions under the Virginia statute (which we do not decide), Tarrats has not shown that a conviction under that statute no longer qualifies as a

5

controlled substance offense as defined in § 4B1.2(b).

### III.

For these reasons, we will affirm the judgment of the District Court.